See Howard v. Cobb [Case No. 6,755]; Burrill v. Phillips [Id. 2,200].

## Case No. 8,278.

### In re LESZYNSKY.

[3 Ben. 487.] [1]

District Court, S. D. New York. Nov., 1869.

STAY OF PROCEEDINGS—JUDGMENT APPEALED FROM.

1. A judgment rendered against a bankrupt in a state court, from which he has appealed before the filing of his petition, is conclusive, as against him, to enable the judgment creditors to prove it as a debt in the bankruptcy proceedings.

2. Proceedings by the creditors, on such appeal from the judgment, will be stayed, on motion of the bankrupt, pending the bankruptcy proceedings.

The petition in these proceedings was filed on the 4th of May, 1869. Before that time judgment had been recovered against the bankrupt [Henry S. Leszynsky] in the supreme court of the state of New York, and he had appealed from such judgment, giving security on such appeal. On the filing of his petition he obtained an injunction restraining the creditors from proceeding in the matter of the appeal. This injunction they moved to have modified, in order to enable them to determine the amount of their claim against the bankrupt, and to enforce their rights against the sureties. The bankrupt's petition did not admit the claim of the judgment creditors against him, but stated the fact of the recovery of the judgment against him, the appeal and the giving of security on such appeal.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

John A. Mapes for the motion.
P. J. Joachimssen in opposition.

## Case No. 8,279.

### In re LESZYNSKY.

[16 Blatchf. 9; 25 Int. Rev. Rec. 71; 7 Reporter, 358.] [1]

Circuit Court, S. D. New York. Feb. 13, 1879.

CRIMINAL LAW — CIVIL AND CRIMINAL PROCEEDINGS FOR SAME OFFENSE—PENALTY AND IMPRISONMENT—HABEAS CORPUS.

1. Section 3318 of the Revised Statutes of the United States provides that any person who commits any one of the offences therein specified shall pay a penalty of $100, and shall, on conviction, be fined not less than $100, nor more than $5,000, and imprisoned not less than 3 months, nor more than 3 years. The United States brought a civil suit against L. to recover the penalty of $100 imposed by that section for an offence therein specified, and recovered a judgment therefor, which was paid and satisfied of record. Afterwards L. was arrested on a warrant for the same offence, and was committed for trial. On a habeas corpus: Held, that the criminal proceeding by the warrant was not a proceeding to punish him twice for the same offence.

2. The three punishments—the penalty, the fine and the imprisonment—are only one punishment for the same offence, although the penalty is recovered in a civil action, and the fine and imprisonment are inflicted by a criminal prosecution.

[Cited in U. S. v. Thompson, 45 Fed. 468.]

[Certiorari to the district court of the United States for the Southern district of New York.

[Habeas corpus upon the petition of Samuel H. Leszynsky, claiming a discharge from alleged unlawful arrest.]

Roger M. Sherman, for relator.
Stewart L. Woodford, Dist. Atty., for the United States.

BLATCHFORD, Circuit Judge. Section 3318 of the Revised Statutes is in these words: "Every rectifier and wholesale liquor dealer shall provide a book, to be prepared and kept in such form as may be prescribed by the commissioner of internal revenue, and shall, on the same day on which he receives any foreign or domestic spirits, and before he draws off any part thereof, or adds water or anything thereto, or in any respect alters the same, enter in such book, and in the proper columns respectively prepared for the purpose, the date when, the name of the person or firm from whom, and the place whence, the spirits were received, by whom distilled, rectified or compounded,

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 7 Reporter, 358, contains only a partial report.]

and when and by whom inspected, and, if in the original package, the serial number of each package, the number of wine gallons and proof gallons, the kind of spirit, and the number and kind of adhesive stamps thereon. And every such rectifier and wholesale dealer shall, at the time of sending out of his stock or possession any spirits, and before the same are removed from his premises, enter in like manner in the said book, the day when, and the name and place of business of the person or firm to whom, such spirits are to be sent, the quantity and kind or quality of such spirits, the number of gallons and fractions of a gallon at proof, and, if in the original packages in which they were received, the name of the distiller and the serial number of the package. Every such book shall be at all times kept in some public or open place on the premises of such rectifier or wholesale dealer for inspection, and any revenue officer may examine it and take an abstract therefrom; and when it has been filled up as aforesaid, it shall be preserved by such rectifier or wholesale liquor dealer for a period not less than two years; and during such time it shall be produced by him to every revenue officer demanding it. And whenever any rectifier or wholesale liquor dealer refuses or neglects to provide such book, or to make entries therein as aforesaid, or cancels, alters, obliterates, or destroys any part of such book, or any entry therein, or makes any false entry therein, or hinders or obstructs any revenue officer from examining such book, or making any entry therein, or taking any abstract therefrom, or whenever such book is not preserved or is not produced by any rectifier or wholesale liquor dealer as hereinbefore directed, he shall pay a penalty of one hundred dollars, and shall, on conviction, be fined not less than one hundred dollars nor more than five thousand dollars, and imprisoned not less than three months nor more than three years." This section is, in all material respects, a re-enactment of section 45 of the act of July 20th, 1868 (15 Stat. 143). In the first edition of the Revised Statutes, the words "on conviction," found in said § 45, were omitted from said § 3,318, but, by the act of February 27th, 1877 (19 Stat. 248) said section 3318 was amended by inserting said words "on conviction," that act stating that such amendment, with others, was made "for the purpose of correcting errors and supplying omissions" in the Revised Statutes, "so as to make the same truly express" the statutes of the United States in force on the 1st of December, 1873. Said section 3318, as above quoted, is quoted as it is printed in the second edition of the Revised Statutes, except that the word "quality" is printed "quantity," by mistake, in the second edition, the word being "quality" in the first edition and in said section 45.

The United States, on the 13th of January, 1879, brought a civil action, in the district court of the United States for this district, against Samuel H. Leszynsky and Charles A. Troup, the complaint in which set forth, "that, at the time hereinafter mentioned, the defendants were partners in business, under the firm name of Leszynsky & Troup, at No. 26 Beaver street, in the city of New York, and then and there carried on the business of wholesale liquor dealers and rectifiers; that, in and during the year 1878, the defendants, at the city of New York, received certain distilled spirits which they failed and neglected to enter in the book required by law to be kept by them as such wholesale liquor dealers and rectifiers, and, therefore, by virtue of the premises, and by force of the statute of the United States in such case provided, the defendants became liable to pay to these plaintiffs the sum of one hundred dollars ($100), which said sum remains due and unpaid; wherefore plaintiffs demand judgment against the defendants for the sum of one hundred dollars, besides the cost of this action." The defendants appeared by attorney in said action, and put in an answer, which stated, that the defendants, "for answer to the complaint, say nothing in bar or preclusion of the suit of the said plaintiffs." On the 20th of January, 1879, an order was made by said district court, "that the plaintiffs have judgment for their claim, together with costs and disbursements of this action, to wit, the sum of one hundred and fifteen dollars," and "that the clerk enter judgment for said amount." On the same day a judgment in said action was entered, "that the plaintiffs have judgment for their claim, together with costs and disbursements of this action, to wit, the sum of one hundred dollars, and that they have execution therefor." [Case unreported.] On the same day an order was made by said district court reciting that a judgment had been entered in said action for $115, and that the defendants' attorney had paid into the registry of said court the sum of $115 in satisfaction of said judgment, and ordering that said judgment be satisfied and cancelled of record. Afterwards, on the same day, a United States commissioner issued a warrant to the marshal, setting forth that complaint on oath had been made to him, "charging that Samuel H. Leszynsky and Charles A. Troup were, at the times hereinafter mentioned, rectifiers and wholesale liquor dealers, doing business at No. 26 Beaver street, New York City, did, on or about the 29th of October and 18th day of November, in the year one thousand eight hundred and seventy-eight, at the Southern district of New York, unlawfully neglect to make any entry whatever in the book kept by them, the form whereof had theretofore been prescribed by the commissioner of internal revenue, of spirits then and there sent out by them of their stock and possession, before the said spirits were removed from

their premises, and, further, they did, as such wholesale liquor dealers and rectifiers, on or about the 18th day of November, 1878, in said district, unlawfully neglect to make any entry in their said book, of spirits then and there sent out by them of their stock, before the said spirits were removed from their premises, and the spirits here mentioned are not those stated hereinbefore, and for similar offences on the 30th day of October and 15th day of December, 1878," and commanding the marshal to apprehend the said Leszynsky and Troup. Under this warrant Leszynsky was arrested and brought before the commissioner, and an examination was had, and, on the 23d of January, the commissioner committed him to the custody of the marshal, for trial, in default of $1,000 bail. He has now been brought before this court on a writ of habeas corpus issued by it, and the proceedings which took place before the commissioner are before this court on a writ of certiorari. At the examination before the commissioner, the defendant put in evidence the said proceedings in said civil action, and, while admitting that there was probable cause to hold him under said warrant, but for said proceedings. contended. and here contends, that, in consequence of such proceedings, he is not liable to be again arrested, held, detained, tried, convicted or punished for the same cause, and that an arrest and detention under said warrant is for the same cause for which he was punished by the payment of said judgment.

It is contended, for the relator, that, if he shall be convicted, and fined and imprisoned for the offences alleged in the warrant, he will be punished twice for the same statutory offence; and that he was completely punished for the offences alleged in said warrant, by the payment of said judgment.

It is to be noted that section 3318 provides distinctly, that, whenever any rectifier or wholesale liquor dealer does what is specified therein he shall pay a penalty of $100 and shall, on conviction, be fined and imprisoned. No more distinct form of expression could have been adopted to indicate the intention of congress to provide cumulative penalties or punishments, three in number, each in addition to the other two —a penalty of $100 to be recovered by a civil action, and fine and imprisonment to follow conviction on a criminal prosecution. But, in the eye of the law, the three punishments are only one punishment for the same offence, although the penalty of $100 may be recovered in a civil action, and the fine and imprisonment are inflicted by a criminal prosecution. The statute book has many like provisions for punishment of offences, where a penalty to be recovered by a civil action is given, and a fine and imprisonment, or one of them, on a criminal conviction, is prescribed in addition and cumulatively, by the use of the word "and." Provisions for punishment by the forfeiture of property, which must be enforced in a civil action, and, cumulatively and in addition, by fine and imprisonment, or one of them, on a criminal conviction of the same offence for which the forfeiture of property is prescribed, are of the same character. Where the same section of the statute contains the description of the offence, and the prescription of the penalty by civil suit, and of the punishment on a criminal conviction, the two connected by the copulative "and," no other construction is proper than that the whole is one punishment, and that the whole cannot be satisfied by a part. Reference, for provisions of the above descriptions, in the same title in which section 3318 is found, may be had to sections 3257–3260, 3279, 3292, 3296, 3326, 3340, 3342, 3360, 3370, 3380, and 3401. Penalties and forfeitures given by statute are to be enforced by civil suits. Rev. St. § 563, subd. 3; Id. § 919. Fine and imprisonment are to be inflicted as the result of a conviction on a criminal prosecution. Different methods are to be resorted to to enforce the different parts of what is one and the same punishment. But, the fact that the two methods may be progressing simultaneously and one be completed before the other, or that one may be fully completed before the other is commenced, cannot have the effect to annul the provision of law in regard to the uncompleted part. The views above expressed are in harmony with those of the supreme court in the recent case of U. S. v. Claflin, 97 U. S. 546, where the provisions of section 3082 of the Revised Statutes were under consideration, as section 4 of the act of July 18th, 1866 (14 Stat. 179). That section provides, as a punishment for the fraudulent importation of merchandise, a forfeiture of the merchandise, and a fine or imprisonment, or both. The court construe the section as having in view not only punishment of the offence described but indemnity to the government for loss sustained in consequence of the criminal conduct of those guilty of the offence; and say that the forfeiture of the goods was designed to secure indemnity to the government for the wrong done, and that the fine and imprisonment "were superadded, as a vindication of public justice."

The case of U. S. v. Gates [Case No. 15,191], in the district court of the United States for this district, before Judge Betts, in 1845, is cited on the part of the relator. In that case Gates had been indicted and convicted, under section 19 of the act of August 30th, 1842 (5 Stat. 565), for smuggling and clandestinely introducing into the United States certain goods, with a view to defraud the revenue of the United States, and had thereon been sentenced to pay a fine of $2,000 and to be imprisoned 30 days. That specific offence was made punishable by that statute and the sentence was a lawful one. Gates had paid the fine and suffered the imprison-

ment. Afterwards a civil suit was brought by the United States against Gates, under section 50 of the act of March 2d, 1799 (1 Stat. 665), to recover the penalty thereby imposed, of $400, for landing the same goods without a permit. The defendant pleaded in bar the conviction and sentence and punishment aforesaid. The plea was demurred to, and was held good by the court, on two grounds: (1,) that, as the United States had obtained judgment and inflicted punishment on the defendant for an offence, they were prohibited, by general principles of law, from prosecuting him again for acts constituting the same offence, or, in other words, which, if proved, would call for his conviction of that offence; and, (2,) because the punishment provided by the act of 1842 was not cumulative, and to be imposed in addition to that prescribed by the act of 1799. The present is a different case. The fine and imprisonment provided by section 3318 are cumulative to the penalty of $100, and are to be imposed in addition; and the United States are not prosecuting the relator a second time for the same offence.

The case of U. S. v. McKee [Case No. 15,-688], also relied on by the relator, is like the Gates Case, and different from the present one. McKee had been indicted and convicted, under section 5440 of the Revised Statutes, for taking part in a conspiracy to defraud the United States of taxes due on distilled spirits, in pursuance of which conspiracy his co-conspirators unlawfully removed such spirits. He was sentenced to pay a fine and be imprisoned. Afterwards, under section 3296, he was sued in a civil action, by the United States, to recover a penalty of double the amount of the taxes on certain distilled spirits, out of which the government alleged it was defrauded by means of a conspiracy entered into for that purpose by McKee and certain distillers, for the unlawful removal, by the distillers, of said spirits, without the payment of taxes. It was alleged that McKee aided and abetted in such removals. The defendant pleaded in bar such indictment, conviction and sentence. The overt acts charged in the indictment, were alleged to be the unlawful removal of the same distilled spirits, without the payment of taxes, for which the penalty sought to be recovered in the civil suit was denounced by section 3,296. The defendant also pleaded in bar a pardon by the president. The United States demurred to the pleas, and the pleas were held good.

There is nothing in the decision in Ex parte Lange, 18 Wall. [85 U. S.] 164, 168, considered with reference to the facts of that case, which sustains the claim of the relator in this case.

As was said by the court in People v. Stevens, 13 Wend. 341: "It is undoubtedly competent for the legislature to subject any particular offence both to a penalty and a criminal prosecution; it is not punishing the same offence twice. They are but parts of one punishment; they both constitute the punishment which the law inflicts upon the offence. That they are enforced in different modes of proceeding, and at different times, does not affect the principle. It might as well be contended that a man was punished twice, when he was both fined and imprisoned, which he may be in most misdemeanors."

It is urged that the word "and," after the words "penalty of one hundred dollars," in section 3318, should be read "or." As congress unquestionably had the power to prescribe the entire punishment provided by section 3318, quite as much as they have to prescribe fine and imprisonment in any case, it must be held that the word "and" has its natural and cumulative meaning.

The 5th amendment to the constitution of the United States provides that no person shall "be subject, for the same offence, to be twice put in jeopardy of life or limb." It is contended, for the United States, that the judgment in the civil suit, and the payment of it, did not subject the relator to be put in jeopardy of his life or limb. But, even though the spirit of this amendment be to prevent a second punishment, under judicial proceedings, for the same crime, so far as the common law gave that protection (Ex parte Lange, 18 Wall. [85 U. S.] 163, 170), yet the criminal proceeding now instituted against the relator will not produce a second punishment for the same offence, but will only complete, on conviction, the punishment intended by congress. The 5th amendment was proposed by congress on the 25th of September, 1789, and was ratified by eleven states in that year and the following two years. But, that amendment has not been regarded by congress as preventing legislation such as that found in the statute now in question. Thus, by the act of July 31st, 1789 (1 Stat. 46), it was provided, that, if goods entitled to drawback were entered for exportation and were afterwards landed, they and the vessel from which they were landed, and the boats used in landing them, should be forfeited, and all persons concerned therein should, on conviction, be imprisoned. This same provision was re-enacted as section 60 of the act of August 4th, 1790 (1 Stat. 174), and as section 82 of the act of March 2d, 1799 (Id. 692), and is now found in section 3,049 of the Revised Statutes. It would necessarily sometimes happen that the owner of the forfeitable goods would be concerned in landing them, and thus he would be punishable both by having his goods forfeited and by being imprisoned on conviction, the forfeiture of goods being enforced in a civil suit and the conviction taking place in a criminal proceeding. So, in section 24 of the act of March 2d, 1799 (1 Stat. 646), it was provided, that, if goods should be imported in violation of the statute as to a manifest, the master in command of the vessel should forfeit and pay

a sum of money equal to the value of such goods not included in the manifest, and all such goods, not included in the manifest, belonging to him, should be forfeited. It was made the duty of the master in command to make and sign and have the manifest, and thus, in respect to goods not manifested, which belonged to him, he would be punished by losing the goods in a suit in rem, and also by paying their value again, as the result of a suit in personam. This provision is re-enacted in section 2809 of the Revised Statutes. In section 46 of the act of March 2d, 1799 (1 Stat. 662) it was provided, that, when any articles subject to duty are found in the baggage of any person arriving in the United States, which shall not, at the time of making entry for such baggage, be mentioned to the collector before whom such entry is made, by the person making the same, all such articles so found shall be forfeited, and the person in whose baggage they shall be found shall, moreover, forfeit and pay treble the value of such articles. Under this provision, if the person in whose baggage the articles were found was the owner of them, and if he made the entry, he would forfeit the articles in a suit in rem and pay treble their value in a suit in personam, as one punishment for the offence. This provision is re-enacted in section 2802 of the Revised Statutes.

Provisions are found in the statutes, where, when congress has intended that a person who would otherwise be subject to two distinct provisions of the same section should be exempt from one, if subject to the other, it has said so distinctly. Thus in section 34 of the act of September 1st, 1789 (1 Stat. 64, 65), it was provided, that, on conviction of any of certain neglects or offences against the act for registering vessels, the offender should forfeit $1,000 and be rendered incapable of serving in any office of trust or profit under the United States; and, further, that, if any person required by the act to perform any thing should wilfully neglect or refuse to do so, he should, on conviction, "if not subject to the penalty and disqualification aforesaid," forfeit $500 for the first offense, and a like sum for the second offence, and should, from thenceforward, be rendered incapable of holding any office of trust or profit under the United States. This provision was re-enacted in section 26 of the act of December 31st, 1792 (1 Stat. 298), and a like provision is found in section 29 of the act of February 18th, 1793 (Id. 315). These provisions are now found in sections 4187, 4188, 4373 and 4374 of the Revised Statutes. The restriction found in them is a recognition of the principle of the 5th amendment and of the doctrine of the case of U. S. v. McKee [supra]. But, the fact of such restriction, and the punishment of the offences named by a pecuniary forfeiture or penalty and by a disqualification to hold any office of trust or profit under the United States, shows that congress did not regard the punishment by a pecuniary forfeiture or penalty, and by a disqualification in addition, as within the inhibition of the 5th amendment. The imposition of the forfeiture or penalty is a punishment. Indeed, sections 4187 and 4188 use the words "punishable by a fine," instead of the word "forfeit," found in the act of 1792, while sections 4373 and 4374 use the words "liable to a penalty," instead of the word "forfeit," found in the act of 1793, and section 4188 refers to the punishment by a fine, prescribed by section 4187, as a "penalty." The disqualification to hold office is a punishment, under the decisions of the supreme court in Cummings v. Missouri, 4 Wall. [71 U. S.] 277, and Ex parte Garland, Id. 333.

The proper conclusion from these considerations is, that congress had power to prescribe the punishment by the penalty and the fine and the imprisonment, prescribed by section 3318, as a punishment the whole of which may be imposed; and that the language is such as to indicate an intention that the whole shall be imposed. The language of Chief Justice Marshall, in U. S. v. Wiltberger, 5 Wheat. [18 U. S.] 76, 95, is applicable to this case: "Though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the legislature. The maxim is not to be so applied as to narrow the words of the statute, to the exclusion of cases which those words, in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend. The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words, there is no room for construction. The case must be a strong one, indeed, which would justify a court in departing from the plain meaning of words, especially in a penal act, in search of an intention which the words themselves did not suggest."

It follows, that the relator is not, by what took place in the civil action, exempted from criminal prosecution, under section 3318, in respect to the matter covered by the complaint in such civil action; and that he is not entitled to be discharged on habeas corpus.