UNITED STATES *v.* THOMPSON *et al.*

*(District Court, D. Kentucky.  March 24, 1891.)*

INTERNAL REVENUE—RECOVERY OF FINE ON DISTILLER'S BOND.
  The defendants, being distillers, having been indicted, tried, found guilty, and
  fined for a violation of section 3279, Rev. St. U. S., and execution issued thereon
  having been returned *nulla bona*, this action was instituted on the bond executed
  by the defendants to the United States, containing a covenant that the defendants
  "shall in all respects faithfully comply with all the provisions of law and regula-
  tions in relation to the duties and business of distillers, * * * and shall pay all
  penalties incurred or fines imposed on him for a violation of any of said provisions."
  *Held*, on demurrer to the petition, that the action was maintainable.

Action at Law on Distiller's Bond.

*Geo. W. Jolly*, U. S. Atty.

*Samuel McKee*, for defendant.

BARR, J.  The defendant John S. Thompson was indicted under sec-
tion 3279 of the Compilation Internal Revenue Laws, 1889, for not keep-
ing the proper sign upon his distillery, and was found guilty, and fined
by the court $500 and costs.  This is the penalty fixed by the statute.
The fine remains unpaid, and the present action is on his distiller's bond,
to recover the amount thereof from Thompson and his sureties.  The de-
fendants have filed a general demurrer, and insist no recovery can be had
on the bond.  The penalty of the bond is $800, and its condition is that
if said Thompsons (there are two of them) "shall in all respects faith-
fully comply with all the provisions of law in relation to the duties and
business of distillers, and shall pay all penalties incurred or fines imposed
on him for a violation of any of the said provisions, * * * then
this obligation shall be void; otherwise it shall remain in full force."
The petition alleges the indictment of J. S. Thompson, his trial and con-
viction, and his sentence to a fine of $500 and costs, and that it was be-
cause of a violation of the law in regard to the distillery mentioned in
the bond and within the period covered by it.  The question presented
is new, and undecided, as far as known to counsel or the court.  The
counsel for the defendants insists that this action will not lie, because of
the conviction and sentence under the indictment, and that a recovery
on the bond would be punishing Thompson twice for the same offense.
It is evidently not the intention of the United States to collect the $500
fine heretofore imposed and also another $500 on the bond, but the pur-
pose is to collect the $500 fine already imposed.  There is, therefore, no
question of putting Thompson twice in jeopardy for the same offense.
There is a most instructive opinion upon the meaning of "twice in jeop-
ardy" by Judge BLATCHFORD in *Re Leszynsky*, 16 Blatchf. 9, which clearly
shows that the present case is not within the fifth amendment of the con-
stitution or the common-law rule as to "twice in jeopardy."  The real
question is, we apprehend, whether the plaintiff, having proceeded by
indictment, and having obtained a sentence thereunder of $500 fine,
which may, under the law, be enforced against Thompson by a *capias*

*pro fine* as well as by an execution against his property, it can now recover on this bond. Section 1041, Rev. St. The penalty declared under section 3279 of the internal revenue laws could have been recovered in a civil action, (see section 3213,) and in that event we presume the penalty could have been enforced against the property of Thompson only, and not by a *capias pro fine;* but we do not think such a judgment could be enforced by a suit on the bond, if a judgment under an indictment could not be. The difference in enforcing the judgments in these two proceedings can make no difference in the question of liability on the bond. The inquiry in each case is the fine or penalty covered by the bond. The bond provides that if Thompson "shall pay all penalties incurred or fines imposed on him, * * * then this obligation shall be void; otherwise it shall remain in full force." The only limitation is that the penalties incurred or fines imposed on him shall be for a violation of a provision of law in relation to his duty and business as a distiller at the place designated in the bond. It may be claimed that the "penalties incurred or the fines imposed" are only those which may be declared by a court in a suit on the bond in which the sureties have a right to appear and contest, but such a contention is answered by the language of the bond. The bond is a guaranty of the principal's conduct, and an obligation that they shall pay all penalties incurred or fines imposed. The fines must be imposed, and a non-payment by the principals, before the sureties are liable on the bond. I do not see why, upon general principles, the defendants are not bound on their bond. The demurrer should be overruled, and it is so ordered.