## UNITED STATES v. BULLINGER.

(District Court, E. D. New York. February 8, 1923.)

Criminal law ⬤⟺168—Payment of penalties imposed by internal Revenue Department not bar to criminal prosecution.

The assessment of penalties by a collector of internal revenue against a person as a liquor dealer and their payment or compromise by him under National Prohibition Act, tit. 2, § 35, does not relieve him from criminal liability under the act.

Criminal prosecution by the United States against Peter B. Bullinger. On motion to dismiss defendant's plea of autrefois convict. Motion granted.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Guy O. Walser, of New York City, of counsel), for the United States.

Buchner & Gilmore, of Brooklyn, N. Y., for defendant.

CAMPBELL, District Judge. The defendant, when called upon to plead to an information lodged against him by the United States attorney, charging him with unlawfully possessing liquor and maintaining a nuisance under the National Prohibition Act, pleaded autrefois convict, in which plea he sets up that on August 30, 1922, the collector of internal revenue of this district assessed against him, under section 35 of the Act of October 28, 1919, a penalty of $8.33 as a retail liquor tax, further penalties amounting to $841.66, and an additional penalty of $42.08, and that thereafter, and on December 15, 1922, the defendant compromised said amounts so assessed against him by the collector of internal revenue for the sum of $85, which was paid to and accepted by the Commissioner of Internal Revenue. He therefore prays judgment if the United States ought to prosecute the said information. The United States attorney moved to dismiss this plea.

This plea cannot be sustained, unless it be determined that, by the assessment of said tax or penalty by the collector of internal revenue, this defendant would be again placed in jeopardy, if compelled to stand trial on said information. So much of the law as is necessary

for consideration in the matter at bar is found in section 35 of title 2 of the National Prohibition Act, and reads as follows:

"This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve any one from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws.

"The Commissioner, with the approval of the Secretary of the Treasury, may compromise any civil cause arising under this title before bringing action in court; and with the approval of the Attorney General he may compromise any such cause after action thereon has been commenced." 41 Stat. 317.

From a reading of this law it is apparent that the imposition of the tax by the collector, which is a penalty, is civil in its nature; whereas, the prosecution under the information is criminal, and the collection of the civil penalty would not place the defendant in such jeopardy that it can be contended that a trial under the criminal information would again place him in jeopardy. Ex parte Glenn (C. C.) 111 Fed. 261; Berkowitz v. U. S., 93 Fed. 452, 35 C. C. A. 379; Matter of Leszynsky, 16 Blatchf. 9, Fed. Cas. No. 8,279; U. S. v. Olsen (D. C.) 57 Fed. 579; U. S. v. Flecke, Fed. Cas. No. 15,120; U. S. v. 3 Copper Stills (D. C.) 47 Fed. 499.

Even if it might be said that generally the placing of the defendant on trial, on a criminal charge, after the compromise of a civil penalty, would be again placing him in jeopardy, that construction cannot prevail against the clear provision of the law herebefore cited, in which it is provided:

"The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve any one from criminal liability."

Nor can it be contended that by the compromise it was intended to relieve the defendant from criminal prosecution, because, as appears from the law hereinbefore cited, the Commissioner, with the approval of the Secretary of the Treasury, is authorized to compromise any civil cause; but nothing is said about any right to compromise in criminal cases, and therefore that power is limited to civil causes only.

Furthermore, the defendant cites, as sustaining his contention, Lipke v. Lederer, 259 U. S. 557, 42 Sup. Ct. 549, 66 L. Ed. 1061 (June 5, 1922), in which the opinion of the court was delivered by Mr. Justice McReynolds, from which opinion it appears that the Supreme Court held that the collector of internal revenue had no power, under the National Prohibition Law, to arbitrarily fix a penalty, as the defendant did not have his day in court; but, instead of sustaining defendant's contention, the effect of that decision is to place him in the position of having paid a penalty which the collector was without power to assess, and as to it he was never in jeopardy, and is therefore first

placed in jeopardy by the information filed by the United States attorney here.

The court is therefore of the opinion that the defendant is not twice placed in jeopardy by being compelled to stand trial under the said information, and that the motion of the United States attorney to dismiss the plea of autrefois convict should be granted, and such plea is therefore dismissed.