UNITED STATES v. MT. CLEMENS BEVERAGE CO.

District Court, E. D. Michigan, S. D. October 28, 1927.

No. 7409.

1. Pleading ☞360(4)—On motion to dismiss petition, allegations of petition are taken as true.

Allegations of petition are taken as true for purpose of motion to dismiss.

2. Criminal law ☞163—Defense of double jeopardy held not available under exception of no cause of action, in action by United States for penalties (National Prohibition Act, tit. 2, § 37 [27 USCA §§ 57–60]).

Defense of double jeopardy, in action by United States to recover special taxes and penalties for violation of Prohibition Act on bond given for permit to produce cereal beverages under National Prohibition Act, tit. 2, § 37 (27 USCA §§ 57–60), and Regulation 60, art. 6, § 49, and article 4, § 45, held not available to defendant under exception of no cause of action and such defense was required to be supported by evidence; defendant having burden of proof to establish it.

3. Intoxicating liquors ☞188—Company producing cereal beverages had burden to prove double jeopardy, in action by United States on company's bond to recover penalties (National Prohibition Act, tit. 2, § 37 [27 USCA §§ 57–60]).

Company operating dealcoholizing plant for production of cereal beverages, under National Prohibition Act, tit. 2, § 37 (27 USCA §§ 57–60), and Regulation 60, art. 6, § 49, and article 4, § 45, had burden to establish defense of double jeopardy in action by United States to recover taxes and penalties on company's bond on account of violations of Prohibition Act.

4. Intoxicating liquors ☞179—Government held entitled to sue on bond of company producing cereal beverages for penalties for violation of Prohibition Act, without first resorting to criminal action (National Prohibition Act, tit. 2, § 37 [27 USCA §§ 57–60]).

Government was entitled to proceed by civil suit to collect penalties under bond of one given permit to operate dealcoholizing plant for production of cereal beverages under National Prohibition Act, tit. 2, § 37 (27 USCA §§ 57–60), and Regulation 60, art. 6, § 49, and article 4, § 45, on account of violations of Prohibition Act, without first resorting to criminal action, where

proceeding was had in regular form, with right to jury trial by defendant if desired.

**5. Intoxicating liquors ⊚⇒180—Suit by government against company producing cereal beverages to recover penalties on bond held not barred by previous conviction of individuals connected with company's violations of Prohibition Act (National Prohibition Act, tit. 2, §§ 35, 37 [27 USCA §§ 52, 57–60]).**

Previous conviction and criminal punishment of persons responsible for violations of Prohibition Act by beverage company operating dealcoholizing plant for production of cereal beverages *held* not to prevent recovery by United States on company's bond, given in connection with permit under National Prohibition Act, tit. 2, § 37 (27 USCA §§ 57–60), and Regulation 60, art. 6, § 49, and article 4, § 45, for penalties on account of same violations, since no double jeopardy was involved, in view of section 35 of the act (27 USCA § 52); recovery in civil action being fixed, while that in criminal action is within discretion of court.

At Law. Action by the United States against the Mt. Clemens Beverage Company. On defendant's motion to dismiss the suit. Motion denied.

Charles B. W. Aldrich, Asst. U. S. Atty., of Detroit, Mich.

Fleming, Baird & Morden, of Detroit, Mich., for Mt. Clemens Beverage Co.

Douglas, Eaman, Barbour & Rogers, of Detroit, Mich., for surety company.

DAWKINS, District Judge. The government alleges that the defendant, Mt. Clemens Beverage Company, in October, 1922, made application for a permit to produce and market cereal beverages under section 37, title 2, of the National Prohibition Act (27 USCA §§ 57–60), in accordance with section 49, art. 6, Regulation 60, and as a prerequisite to the issuance thereof was required to execute a bond in compliance with section 45 of said article 4 of Regulation 60, for the sum of $10,000, stipulating the condition that, if there were no false statements as to any material fact in the said application, and the said principal should not violate the terms of said permit, and should "not violate any of the provisions of the National Prohibition Act (27 USCA § 1 et seq.) and regulations promulgated thereunder as now or hereafter provided, and all other laws of the United States now or hereafter enacted respecting distilled spirits, fermented liquors, wines, or other intoxicating liquors, and will pay all taxes, assessments, fines, and penalties incurred or imposed upon him by law, then this obligation to be void; otherwise, to remain in full force and effect."

It is alleged that on or about the 10th day of March, 1923, the permit was issued to the said defendant to operate a dealcoholizing plant for the production of cereal beverages and to use intoxicating liquors for nonbeverage purposes, all in accordance with said regulations; that defendant, Mt. Clemens Beverage Company, between April 1 and July 1, 1923, did fail to comply with the condition of said bond and the requirements of title 2 of the Prohibition Act (27 USCA §§ 5–64), as amended, and imposed by said regulations, including the terms of said permit, by failing and neglecting to keep a necessary, proper, true, and correct record and summary of each month's transactions covering the operation of said plant; that it did further violate the said law and regulations by willfully and knowingly manufacturing a large quantity of intoxicating liquor, fit for beverage purposes, containing more than one-half of 1 per cent. of alcohol by volume, to wit, 56 one-half barrels of beer and 45 cartons of beer, which were illegally designed and intended for beverage purposes, all in violation of its said permit; that said intoxicating liquors so made were kept and possessed in violation of the prohibition law, and all of which was done in bad faith and contrary to the obligation of said bond; that because of said conduct the said permit was on August 21, 1923, canceled upon due and proper notice, both of the purpose to cancel and of the fact of cancellation thereof; that by virtue of these facts and acts upon the part of the Mt. Clemens Beverage Company defendants had "made and suffered a breach of the condition of said bond, and had forfeited and become liable to pay to the United States the full amount thereof, to wit, the sum of $10,000." Petitioner prayed for judgment in the sum of $10,000.

Both the beverage company and the surety company filed motions for a bill of particulars. A bill of particulars was filed, in which the government simply alleged that the amount of the bond described in the declaration was $10,000, with interest, and the defendant Casualty Company then moved to dismiss said declaration upon the following grounds:

(1) That it disclosed no cause of action against the defendant.

(2) That it contained no allegations that any taxes, assessments, fines, or penalties had been incurred or imposed upon the Mt. Clemens Beverage Company which were unpaid.

(3) That there was no allegation that the government had not proceeded at law to col--

lect taxes or penalties for which the defendant Mt. Clemens Beverage Company and the parties responsible therefor had become liable.

(4) That for the alleged breaches the plaintiff had elected to and did prosecute the party or parties committing said offenses, and that said judgment had been fully satisfied.

There was attached to said motion an affidavit by one of the attorneys for the defendant Casualty Company, supporting the allegations of said motion, and further "that the plaintiff herein has proceeded against the parties responsible for the specified breaches, and that a judgment was rendered against said parties and that said judgment has been fully paid and satisfied. * * *"

The motion was overruled, with leave to plaintiff to amend. Plaintiff then amended by stating that the particulars of its demand were as follows:

Tax as brewerless for one month, ending June 30, 1923, under section 3244, R. S.................. $    8.33
Special tax as brewerless for one month ending June 30, 1923, under section 1001, Revenue Act of 1918, doubled under section 35, title 2, National Prohibition Act...... 166.67
Specific penalty under section 35, title 2, National Prohibition Act.... 1,000.00
Tax on 32 barrels of intoxicating malt liquor containing more than one-half of 1 per cent. alcohol by volume at $6 per barrel............ 192.00
                                        _____
Total ..................... $1,367.00

Subsequently, on April 18, 1927, defendant Casualty Company filed another motion to dismiss, in which, in addition to setting up the four grounds contained in the first, it alleged:

(5) That the latter had been overruled by the court, with leave to amend.

(6) That some ten months had elapsed, during which time no amendment had been served upon defendant.

(7) That defendant is compelled by law to maintain a reserve of 80 per cent. of its alleged liability, and the delay had been caused solely by the neglect of the plaintiff.

(8) That the district attorney had often been requested to file said amendment, without avail.

Defendant accordingly reiterated its demand that the suit be dismissed.

The motion really presents two questions: First, that the declaration discloses no cause of action; and, secondly, that the government had elected to proceed criminally against the individuals responsible for the acts of the corporation, Mt. Clemens Beverage Company; that they were convicted and the penalties paid, which had the effect of ending the matter as to said defendant; and to now attempt to collect the items sued on in this case amounts to a second punishment, or putting in jeopardy twice for the same offense.

[1-4] In so far as the exception of no cause of action is concerned, the petition, the allegations of which for the purposes of this motion are taken as true, alleges a violation of the Prohibition Law and a breach of the conditions and obligations of the bond, as a result of which the taxes and penalties were incurred. The second defense of double jeopardy has the effect of a plea in bar, and cannot be considered in passing upon the exception of no cause of action. It must be supported by evidence offered by the defendant, upon whom the burden of proof rests for its establishment. There being no allegation in the declaration of a trial and conviction on the criminal side of the court, I see no reason why the government may not proceed by civil suit to collect the penalties, other than the fine provided by the statute, without first resorting to the criminal action. U. S. v. Bullinger (D. C.) 290 F. 395. This it is attempting to do by petition and citation, which brings the defendant into court, with opportunity to defend and to have the issues of fact tried by a jury, if desired.

There is no analogy between this case and that of Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, for the reason that in the latter case the Commissioner attempted to collect the taxes or penalties, whatever they may be termed, by a bare assessment under the administrative powers of his office, without affording defendant an opportunity to have the facts affecting his guilt decided by a jury, as required by the Constitution. The court simply said that this was not due process of law. No such situation is present here. The proceeding is in court in regular form, with right to jury trial, if desired. See U. S. v. Regan, 232 U. S. 37, 34 S. Ct. 213, 58 L. Ed. 494; Hepner v. U. S., 213 U. S. 103, 29 S. Ct. 474, 53 L. Ed. 720, 27 L. R. A. (N. S.) 739, 16 Ann. Cas. 960; U. S. v. Railway Co. (D. C.) 235 F. 951; U. S. v. Stevenson, 215 U. S. 190, 30 S. Ct. 35, 54 L. Ed. 153. It is my opinion, therefore, that the exception of no cause of action is not well founded.

[5] I am also of the opinion that the plea of double jeopardy, based upon the allegation that defendant has been convicted and punished criminally, cannot be sustained. The

penalties of the Prohibition Law are cumulative, and while the sums sued for herein are referred to as taxes, nevertheless I am of the view that, since the business of dealing in intoxicating liquors for beverage purposes has been outlawed, it could not be lawfully licensed. Hence they are nothing less than penalties for crime, which may be collected as such or recovered in a civil action. In so far as the imprisonment and fines provided by the statute are concerned, the court in a criminal trial would have the discretion to impose either, or to make them large or small, within the limits of the statute, as it saw fit; but the items claimed herein are definitely fixed by the law, and the obligation to pay becomes absolute when legally established, except that the court might have the power to suspend execution thereof under the Probation Act of 1925 (Act March 4, 1925 [USCA §§ 724–727]). In fact, title 2, § 35, of the Prohibition Act (27 USCA § 52) specifically provides that the collection thereof shall not "relieve any one from criminal liability." See In re Leszynsky, Fed. Cas. No. 8,279, 16 Blatchf. 9; U. S. v. Bullinger (D. C.) 290 F. 395.

For the reasons assigned, the motion to dismiss should be overruled. Proper decree may be presented.