## HARTMAN *v.* BEAN.

A. purchased, May 8, 1875, certain high wines from B., which the latter had produced and removed from his distillery to the bonded warehouse, the tax not having been paid on them. The collector of internal revenue was duly notified of the sale. While they were there, the Commissioner of Internal Revenue, under authority of sect. 3309 of the Revised Statutes, assessed a tax on the number of proof gallons of spirits distilled by B. at that distillery between Jan. 6 and March 8, 1875. *Held,* that the wines so purchased by A. were subject to the lien of the tax, and also, in case of its non-payment, to the interest penalty and charges provided by law.

ERROR to the Circuit Court of the United States for the Eastern District of Wisconsin.

The facts are stated in the opinion of the court.

*Mr. ⌐. W. Cotzhausen* for the plaintiff in error.

*Mr. Assistant Attorney-General Smith, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

High wines produced by distillation, like other distilled spirits when removed from the place where the same were distilled, if not deposited in a bonded warehouse, as required by law, become liable to the same internal-revenue tax as that prescribed to be paid by the distiller, owner, or person in possession thereof before the same is removed from the bonded warehouse; and the provision is, that when the commissioner obtains knowledge that such distilled spirits have been so removed, and that the same are not deposited in the bonded warehouse, it is made his duty to assess the distiller for the amount, and to return the assessment to the collector, who is directed to demand payment of the tax; and if the distiller neglects and refuses to pay the assessment, the requirement is that the collector shall proceed to collect the same by distraint. Rev. Stat., sects. 3251, 3253.

Certain high wines which the plaintiff alleges that he owned, and which he claims that he purchased of the distiller, were seized and sold by the defendants, under and by virtue of a warrant of distraint for the collection of certain internal-revenue taxes assessed against the distiller of the same, of

whom plaintiff made his purchase. Sufficient appears to show that the plaintiff is, and for a number of years has been, engaged in business as a rectifier of such wines and as a wholesale dealer in liquors, and that the principal defendant is the collector of internal revenue for the district, the other being his deputy.

Liquors of the kind, when lawfully removed from the distillery and deposited in a warehouse, are frequently sold by the distiller subject to tax, but while they remain in the warehouse they are subject to the regulations prescribed by the act of Congress. Such distillers are required, on the first day of each month, or within five days thereafter, to render, under oath, to the collector of the district, an account in duplicate, taken from their books, stating the quantity and kind of materials used for the production of spirits each day, and the number of wine gallons of spirits produced and placed in warehouse.

Accounts of the kind in duplicate are required; and it is made the duty of the collector to transmit one of the same to the commissioner, and on the receipt of the return the commissioner is directed in each month to inquire and determine whether the distiller has accounted for all the grain or molasses used and the spirits produced by him in the preceding month.

Even if the commissioner is satisfied that the distiller has reported all the spirits produced by him, still if the quantity reported is less than eighty per centum of the producing capacity of the distillery, he is required by law to make an assessment for such deficiency at the rate of ninety cents for every proof gallon ; but if the commissioner finds that the distiller has not accounted for all the spirits produced by him, the act of Congress directs that he shall, from all the evidence he can obtain, determine what quantity of spirits was actually produced by such distiller, and that an assessment shall be made for the difference between the quantity reported and the quantity shown to have been actually produced, at the rate of ninety cents for every proof gallon, the same as if the true quantity had been reported. Id., sects. 3307, 3309.

Much discussion of the facts is unnecessary, as there is no conflict in the evidence as reported in the bill of exceptions.

On the 8th of May, 1875, the plaintiff in good faith purchased the high wines mentioned in the declaration of the distiller. They had been produced at the distillery of the seller, and were regularly deposited in the bonded warehouse, the tax not having been paid; and it appears that the purchaser paid for the spirits twenty-six cents for each proof gallon, subject to tax. Purchases of the kind had frequently been made by the plaintiff; and the bill of exception states that it is the custom to make such purchases subject to tax, the purchaser withdrawing the same from time to time on payment of tax, as fast as the spirits are wanted in his business. Written notice of the sale and purchase was given to the collector on the same day, and the statement is that the notice has ever since remained on file in his office.

Irregularity in the transaction is not suggested; and it appears that the plaintiff, not needing the high wines for immediate use in his business, allowed the same to remain in the bonded warehouse, which constituted a part of the distillery premises where the wines had been manufactured, he, the purchaser, not making any application to remove or withdraw the same until after the tax in question had been assessed, as required by the internal-revenue act of Congress.

Prior to such application, to wit, on the 10th of June subsequent to the purchase by the plaintiff, the commissioner, pursuant to the provision contained in the section of the Revised Statutes last above cited, assessed the distiller and vendor of the plaintiff the sum of $2,857.68 as an internal-revenue tax on $4,082\frac{38}{100}$ proof gallons of high wines distilled by the said distiller at his said distillery between the 6th of January and the 8th of March of the same year the purchase of the distilled spirits was made by the plaintiff.

Due notice in writing of the tax and demand of payment were made by the collector of the district, and the bill of exceptions states that the distiller wholly neglected and refused to make the payment. Assessment being duly made and payment being refused, the collector, pursuant to law, issued his warrant of distraint, and the deputy collector seized and sold the property to make the money. Immediate redress was sought by the plaintiff through the present action of trover,

commenced in the State court. Service having been made, the defendants appeared, and on their motion the cause was removed into the Circuit Court, where the answer of the defendants was filed. Both parties appeared in the Circuit Court, and having waived a jury, they submitted the cause to the determination of the court. Hearing was had; and the court being of the opinion that in point of law there was a lien on the high wines for the taxes assessed by the commissioner, under the provision before referred to, held that the action could not be maintained, and that the assessment of the tax and the sale of the spirits under the warrant of distress were valid. Judgment being rendered for the defendants, the plaintiff removed the cause into this court, and assigns for error that the Circuit Court erred in the conclusions of law set forth in the transcript, he, the plaintiff, insisting that the high wines were neither subject to a lien for the tax nor to seizure under the warrant of distraint, and that the withholding and sale of the same constituted a conversion.

Formal application to withdraw the high wines from the bonded warehouse was made on the 14th of July subsequent to the assessment, and the bill of exceptions shows that on that day the plaintiff caused the statements and certificates required by law to be made out for that purpose, and that he tendered to the collector the tax on the same, meaning the tax assessed on the quantities reported by the distiller; but the leave to withdraw was refused, because the corrected assessment by the commissioner had previously been made for the difference between the quantity reported and the quantity shown to have been actually produced.

Actual seizure of the high wines was made by the deputy collector on the 8th of the same month, and it appears that he advertised the same for sale on the same day. Prior to the sale, to wit, July 22, the plaintiff tendered to the collector the amount of the tax admitted to be due and owing on the said high wines, at the rate of ninety cents per proof gallon, demanded possession thereof, and that the levy be released and the sale abandoned; but the defendants refused to release the property, and the same was sold on the following day under the warrant of distress and pursuant to the antecedent adver-

tisement. But such a tender, even if it included the corrected assessment, could not benefit the plaintiff, as it did not cover either interest or penalty for the non-payment.

Beyond all question, the corrected assessment made was fully authorized by the act of Congress, as the same section provides that all assessments made under that section shall be a lien on all distilled spirits, the distillery premises, the distillery used for distilling the same, the stills, vessels, fixtures, and tools therein, the tract of land whereon the said distillery is located, and any building thereon, from the time such assessment is made until the same shall have been paid and discharged. Rev. Stat., sect. 3309.

Argument to show that that provision secures a lien upon the distilled spirits as security for the payment of the tax is quite unnecessary, as the language of the act is express to that effect; and sect. 3188 also provides that in case of such neglect or refusal the collector may levy, or by warrant may authorize a deputy collector to levy, upon all property and rights to property, except such as are exempt by the preceding section, belonging to such person or on which the said lien exists, for the payment of the sum due with interest, and penalty for non-payment.

Nothing can be plainer in legal decision than the proposition that the lien in such a case attaches to the distillery, the distilled spirits, and to the real and personal property used in connection with the distillery, and that it may be enforced against the distilled spirits at any time before the purchaser of the same withdraws the spirits from the bonded warehouse, which is all that is necessary to decide in the case before the court. *Dobbins Distillery* v. *United States*, 96 U. S. 401.

Concede that the owner of the distilled spirits may sell the same while the spirits are deposited in the bonded warehouse, still his sale must be regarded as subject to the tax, as the purchase was in this case, which means that the purchaser takes the property subject to the lien in favor of the United States that is created by the act of Congress; nor is it any hardship upon the purchaser, as he as well as the distiller knows that the act of Congress makes it the duty of the commissioner to examine the monthly returns of the distiller, and that if he

finds that the distiller has not accounted for all the spirits produced, he must assess the delinquent for the excess produced beyond the amount reported.

Viewed in the light of that suggestion, it is clear that the purchaser has no just ground of complaint, as he knew that the spirits purchased under such circumstances were subject to such a corrected tax, and that the corrected assessment as well as that levied pursuant to the report of the distiller becomes a lien upon the high wines deposited in the bonded warehouse.

*Judgment affirmed.*