## KETTERER v. LEDERER, Collector of Internal Revenue.

### (District Court, E. D. Pennsylvania. October 13, 1920.)

### No. 2071.

1. **Internal revenue ⊙⟶2—Additional tax in case of violation of Liquor Law valid.**

    Congress may impose a tax in one sum on one dealing in intoxicating liquors, through sales for limited purposes, and another additional tax on him if he exceeds such limit.

2. **Constitutional law ⊙⟶38—"Unconstitutional" defined.**

    The word "unconstitutional," as understood by the courts, means that the act assailed is in conflict with some provision of the Constitution; not that it is contrary to sound principles of legislation.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unconstitutional.]

3. **Constitutional law ⊙⟶286—Special tax in addition to criminal punishment not denial of due process.**

    The act of Congress enforcing the Eighteenth Amendment, in making it a criminal offense to violate the terms of the act, and in addition subjecting the offender to the payment of a special tax, collectible by the ordinary processes, is not a denial of due process of law.

4. **Internal revenue ⊙⟶28—Injunction not granted to restrain enforcement of internal revenue tax.**

    A federal court will not grant an injunction to restrain collection of an internal revenue tax (Comp. St. § 5947); Congress having provided a different and not inadequate remedy.

In Equity. Suit by Frederick Ketterer against Ephraim Lederer, Collector of Internal Revenue for the First District of Pennsylvania. On motion for preliminary injunction. Denied.

Lincoln L. Eyre and J. Washington Logue, both of Philadelphia, Pa., for plaintiff.

Webster S. Achey, Special Asst. U. S. Atty., and Chas. D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The real question involved in this case is that of the power of the court to restrain by injunction process the collection of an internal revenue tax, and the propriety of the exercise of the power, if possessed. The averments of the bill are undenied, and we have been asked to allow or disallow the issuance of a preliminary injunction upon the averments as the proofs in the case.

The amount involved is not large, and because of this the suggestion was made that the execution process, which the defendant is proposing to put in force, be not executed until the case could be fully heard, and the important questions of the rights of the plaintiff in the bill involved in the motion fully considered. Acquiescence in this suggestion as first made has been since withdrawn, and we are asked to decide the question raised on the motion.

The plaintiff is a dealer in intoxicating liquors, and paid a revenue license as such. Before the enactment of the Eighteenth Amendment

to the Constitution and the passage of the laws made in the enforcement thereof, no more would have been asked of him. By this legislation the right of sale, which the plaintiff would otherwise have had, has been much curtailed.

The act of Congress enforcing the Eighteenth Amendment has several objectives. One is to make it a criminal offense to do what the plaintiff is charged with having done, and another is to subject such persons to the payment of a special tax to which they would not be otherwise subject, and to subject them to all the ordinary processes for the collection of this special tax.

The power of the court to restrain the defendant from distressing the plaintiff by the collection of this tax is asserted, and the exercise of the power invoked on the two broad grounds: First, that the defendant is attempting to impose and collect a fine for supposed criminal acts, and that it is no less the infliction of punishment because it is called a tax, and second, that the National Prohibition Act (Act Oct. 28, 1919, c. 85, 41 Stat. 305), at least as to this provision of it, is unconstitutional, for the reasons that its language is "vague and indefinite," and "it authorizes the punishment of a supposed criminal offender without due process of law."

[1] With respect to the first ground, we are (at least for the purposes of this motion) unconvinced that a tax in one sum may not be imposed upon one dealing in intoxicating liquors through sales for limited purposes, and another additional tax be imposed upon him if he exceeds such limit.

[2] In respect to the second ground of the unconstitutionality of the act, it may be first observed that the term "unconstitutional" is often used to express a thought far different from that of its real meaning as used in our system of jurisprudence. It is not infrequently used in the sense of conveying a condemnation of a law which has been made in violation of sound principles of legislation. It has, however, with us a very restricted meaning, which is substantially this: That when an act of Congress says one thing, and the Constitution of the United States says another thing, the courts are called upon to construe the meaning of both enactments in very much the same way in which they would be called upon to do the same thing if one act of Congress was passed, followed by another act on the same subject, negativing the provisions of the first act. If the Constitution thus negatives the provisions of an act of Congress, the provisions of the act are of no avail, precisely as the provisions of an earlier act have neither force nor validity, if negatived by a later act.

[3] Applying this test, we have no applicability to the present contention of any provision of the Constitution other than the "due process" amendment. To allow an injunction on this ground, we must hold either that the exaction of the payment of a tax is depriving the taxpayer of his property without due process of law, or that, although Congress has declared it was levying a tax, it was in fact doing something else. The first ground on which to base this ruling is clearly untenable, and the latter finding we decline to make on this motion.

[4] Congress has clearly declared its purpose that the collection of excise taxes shall not be hampered or delayed by resort to injunction process, and has provided a different and not inadequate remedy.

The motion is denied.