### KETTERER v. LEDERER, Internal Revenue Collector.

(District Court, E. D. Pennsylvania. November 13, 1920.)

No. 2071.

1. **Constitutional law ⊂⊃45—Courts cannot declare tax on unlawful liquor dealer was punishment.**

 The courts cannot declare that the provision of the Volstead Act directing the assessment, levy, and collection of an excise tax as a tax upon those engaged in the occupation or business of dealing in intoxicating liquors, which is made unlawful by the act, was not in fact a tax, but was a punishment for the unlawful act, so that its collection violated the due process of law provision of the Constitution.

2. **Constitutional law ⊂⊃38—Purpose or effect of legislation within congressional powers does not make it unconstitutional.**

 Where the enactment of a statute was within the powers granted to Congress, the fact that its purpose or effect was to accomplish some result which Congress could not directly accomplish, does not invalidate the act, so that the tax on liquor dealers levied by the Volstead Act is not unconstitutional, though intended to aid in enforcing prohibition.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by Frederick Ketterer against Ephraim Lederer, Collector of Internal Revenue. Motion for temporary injunction denied, and bill dismissed for want of equity.

Lincoln L. Eyre and J. Washington Logue, both of Philadelphia, Pa., for plaintiff.

Webster S. Achey, Asst. U. S. Atty., and Chas. D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This cause has already been considered upon the motion for a preliminary injunction (269 Fed. 153), and a conclusion reached, which is decisive of the whole controversy between the parties, so far as concerns this court. There are, however, of record two features of the case of which no formal disposition has thus far been made. One is that a restraining order was issued pending the disposition of the motion for a preliminary injunction. This order should be vacated.

It appears that there is also a pending motion to dismiss the bill of complaint. No answer has been filed to the bill, but counsel have stipulated that the motion may be disposed of by the court upon the averments of the bill, interpreted to mean that the collector, acting upon the authority which the defendant asserts is vested in him by the acts of Congress in question, had in due form levied and assessed a tax, notice of the levy and assessment of which is set forth in the bill. The motion to dismiss, therefore, is a challenge of the cause of action set forth in the bill.

The basis of the cause of action which the plaintiff asserts is that a punishment is being inflicted upon him under the guise of the collection of a tax, and that this subjects him to the exercise of an unlawful power, and that it is none the less unlawful, although sanctioned by the language of the Volstead Act (41 Stat. 305), because this provision of that act is unconstitutional, in that it is prohibited by the "due process of law" provisions of the Constitution. We adhere to the views already expressed, which may be summarized as follows:

[1] 1. The act of Congress authorized and directed the defendant to make the assessment against the plaintiff, which was made upon the finding of facts as made. Congress has called this a tax, and directed it to be assessed and collected as such. If Congress had the power to impose this tax, it had the power to declare the occasion for the levy of the tax, and the mode of levy, and upon what fact conditions it should be levied. The bill of complaint calls upon us to make the finding that what Congress has solemnly declared it authorized to be done was not what it authorized to be done but something entirely different. In other and plain words, that although Congress declared it was levying and collecting a tax, it was in fact not levying a tax, but punishing the one who was called a taxpayer for an act which he had committed and which Congress had pronounced to be criminal. We decline to make this finding.

[2] 2. We are unable to grasp the thought intended to be conveyed by the phrase of unconstitutionality other than the thought of the power of Congress to do one thing under the guise of doing another.

If this is the thought, it does not involve any constitutional doctrine in the American sense. It is really no more than a criticism of legislation in the respect that it does violence to sound principles of legislation. A legislative act, which is intended to declare and enforce a police regulation under the guise of levying a tax, may be open to this criticism; but if the Legislature possesses the power to levy a tax, and does levy it, the fact that either the result or the motive of the legislation is to regulate, or indeed to prohibit some trade or occupation, does not in itself render the act unconstitutional. If there is a constitutional prohibition of the legislative power to do something, and the Legislature does the prohibited thing, seeking to usurp the power by calling the thing which it does by a false name, the doctrine of constitutionality may be invoked and applied. For illustration, it may be admitted that Congress is without power to enact a police regulation prohibiting promiscuous dealing in narcotic drugs. The Harrison Drug Act (Comp. St. §§ 6287g–6287q) has had the effect which a police regulation directed against the traffic in such drugs would have had, and the assertion of the fact that it was intended to have this effect, and that such was the motive for its passage, might not be denied, and yet this would not be an admission of its unconstitutionality.

The Fifth Amendment to the Constitution of the United States declares that no man shall "be deprived [among other things] of property without due process of law"; but yet a man's property may be seized to enforce the payment of a tax. This, it seems to us, makes it clear that the thought of the unconstitutionality of the Volstead Act is embraced in the other thought that Congress, when it said it was levying a tax, was not in fact levying a tax, which it had the power to do, but was taking from this plaintiff his property under the false pretense of collecting a tax. This finding of false pretense is the finding which we refuse to make.

In order to give definiteness of date to the decree now made, all orders and decrees heretofore made are vacated, and counsel have leave to submit a decree or decrees refusing the motion for preliminary injunction, and a decree dismissing the plaintiff's bill of complaint for want of equity, and this upon the ground that the acts of the defendant in levying and collecting the tax, the collection of which is asked to be enjoined, are lawful acts, which he is authorized to do by the several acts of Congress, including the Volstead Act, directing the assessment, levy, and collection of excise tax from those engaged in the occupation or business of dealing in intoxicating liquors.