**LIPKE v. LEDERER, Collector of Internal Revenue.**

(District Court, E. D. Pennsylvania. July 7, 1921.)

No. 2303.

**Constitutional law ⬅45—Imposition called tax by Congress will be held such by trial court.**

 A trial court will not assume to determine that an imposition levied by act of Congress, which denominates it a tax, is not a tax, but a penalty.

In Equity. Suit by Ernest Lipke against Ephraim Lederer, Collector of Internal Revenue. On motion for preliminary injunction and motion to dismiss bill. Motion to dismiss granted.

Francis J. Maneely and Lincoln L. Eyre, both of Philadelphia, Pa., for plaintiff.

Chas. D. McAvoy, U. S. Atty., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The main question raised is the same as that raised in the case of Ketterer v. Lederer, 269 Fed. 153, before ruled. An excise tax was levied and assessed, and the effort is being made to collect it. The legal justness of the tax levy is denied. The defendant has the opportunity given in all tax cases to dispute the legality of the tax levy, by paying the tax and bringing an action to recover the sum paid. This course has not been followed, but the pres-

ent plaintiff asks to have the collection of the tax restrained. The acts of Congress deny this right to the plaintiff, if what is sought to be collected as a tax is a tax. The plaintiff asserts this is not a tax, but is a penalty for an alleged crime, payment of which is sought to be exacted under the guise of a tax.

Broadly stated, the question then becomes this: Whether a trial court should find that Congress was doing one thing, notwithstanding the Congressional declaration that it was doing something else. This question has already been ruled, so far as we are concerned, by a refusal to make such a finding.

The question is now presented from a somewhat different angle. An excise or internal revenue tax, as it is called, is really a license fee, or, in other words, it is a contribution to the public exchequer for the privilege of following some occupation, calling, business, or profession. The point made is that the right to do the business to which this levy pertains is denied by the very act which directs the levy. This is true; but none the less there is nothing in this which of itself would deny the power of Congress to levy an excise tax, based upon the fact that the taxpayer had followed a particular business, the tax being levied at the close of the period. The exaction of an excise tax covering a time past would not be affected by the further fact that the business, in respect to which the tax had been assessed, was thereafter and in the future forbidden.

As yet the present plaintiff has been convicted of no offense. In consequence he has not incurred any imposed penalty for such offense, and the penalty cannot be imposed, through the subterfuge of calling it a tax. All this is clear enough. On the other hand, the possession of the power to levy and assess excise taxes cannot be denied to Congress. The real question is: Which is being done?

A somewhat analogous dilemma is presented by those cases in which Congress has no lawful power to prohibit, but does have a lawful power to tax. A tax which is prohibitive is laid. Congress has both prohibited and taxed. What it did, however, it declared the levying of a tax. For a trial court to find the fact to be otherwise might result in embarrassment to the government. The question is properly one to be referred to an appellate court of general jurisdiction.

The motion to dismiss is based upon a state of facts not in controversy, and is granted. This carries with it a denial of the other motions. Exceptions allowed to plaintiff.

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes