**REINECKE, Collector of Internal Revenue, v. O. D. JENNINGS & CO.**

(Circuit Court of Appeals, Seventh Circuit. January 25, 1927.)

No. 3792.

1. **Internal revenue** ⬒28(3)—**Exaction under revenue law on gambling slot machines held for tax and not penalty, so that court is without jurisdiction to enjoin collection (Revenue Act 1918, § 900, par. 5 [Comp. St. 6309⅘a]; Comp. St. § 5947).**

Any exaction under Revenue Act 1918, § 900, par. 5 (Comp. St. § 6309⅘a), on certain manufactures alleged to be slot machines of exclusively gambling type, is for a tax and not for a penalty, and court was without jurisdiction, under Rev. St. § 3224 (Comp. St. § 5947), to restrain its collection.

2. **Internal revenue** ⬒28(3)—**Collection of tax may not be enjoined simply because exaction is not authorized by statute.**

Collection of tax may not be enjoined in equity simply because exaction is not authorized by some statute, where taxing authorities believe it to be so.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by O. D. Jennings & Co. against Mabel G. Reinecke, as Collector of Internal

Revenue at Chicago. Decree restraining defendant from collecting an amount demanded as a tax, and defendant appeals. Reversed, with directions.

Edwin A. Olson, of Chicago, Ill., for appellant.

Everett Jennings, of Chicago, Ill., for appellees.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. This is an appeal from an order restraining appellant, collector of internal revenue at Chicago, from collecting from appellee a sum of money that the appellee avers was wrongfully demanded as a tax under paragraph 5, section 900, of the Revenue Act of 1918 (Comp. St. § 6309⅘a), on certain of appellee's manufactures, alleged to be "slot machines of the exclusively gambling type," known as "operator's bells" and "traders."

One of appellee's contentions is that "the exaction demanded was not a tax," but it admits that, if it was a tax, the court was, by reason of section 3224 of the Revised Statutes (Comp. St. § 5947), without jurisdiction.

[1, 2] Its main reliance, it says, is upon Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, which was followed by this court in Jakovich v. Mager, 283 F. 980. The question in the Lipke Case arose under section 35 of the National Prohibition Act (Comp. St. § 10138½v). Section 35 and paragraph 5, section 900, supra, are so different in language and purpose that we are of opinion that in the light of the Lipke Case it clearly appears that any exaction under the latter section must be for a tax, and not for a penalty. In fact, appellee makes no argument to show that any exactions leviable under paragraph 5, section 900, are not taxes but seems to concede that fact. It contends that slot machines alleged to be "of the exclusively gambling type" do not come within the language of that paragraph and section, or within any other section of the Revenue Act of 1918, and the whole argument seems to be intended to support appellee's urge that if an exaction is not authorized by some statute, even though the taxing authorities believe it to be so, its collection may be enjoined in equity. We held to the contrary in Peacock v. Reinecke, 3 F. (2d) 583, 584.

The decree should be and is reversed, with directions to the District Court to vacate the injunction and, dismiss the bill.