B. E. LEVINSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25262.   Promulgated February 27, 1930.

*Joseph M. Kennedy, Esq.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

OPINION.

SMITH: The issues before us are (1) the deductibility of $11,200 paid out during 1922 in compromise of a $25,000 tax, and (2) the deductibility of certain attorney's fees of which $10,000 was paid during 1922 and $3,000 during 1923.

Section 608 of the Revenue Act of 1918 reads as follows:

That there shall be levied and collected on all beer, lager beer, ale, porter, and other similar fermented liquor, containing one-half of one per centum, or more, of alcohol, brewed or manufactured and hereafter sold, or removed for consumption or sale, within the United States, by whatever name such liquors

may be called, in lieu of the internal-revenue taxes now imposed thereon by law, a tax of $6.00 for every barrel containing not more than thirty-one gallons, and at a like rate for any other quantity or for the fractional parts of a barrel authorized and defined by law, to be collected under the provisions of existing law.

It is the contention of the petitioner that the $11,200 paid by him during 1922 constituted a tax levied under the provisions of section 608 of the Revenue Act of 1918. The respondent, however, contends that the $11,200 payment represented a compromise settlement of a penalty imposed upon the petitioner for performing illegal acts, and that such expenditure is not deductible as a tax under the provisions of section 214 (a) (3) of the Revenue Act of 1921, which reads as follows:

(a) That in computing net income there shall be allowed as deductions:

. *      *      *      *      *      *      *

(3) Taxes paid or accrued within the taxable year except (a) income, war-profits, and excess-profits taxes imposed by the authority of the United States, (b) so much of the income, war-profits and excess-profits taxes, imposed by the authority of any foreign country or possession of the United States, as is allowed as a credit under section 222, (c) taxes assessed against local benefits of a kind tending to increase the value of the property assessed, and (d) taxes imposed upon the taxpayer upon his interest as shareholder or member of a corporation, which are paid by the corporation without reimbursement from the taxpayer. For the purpose of this paragraph estate, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by the law of the jurisdiction imposing such taxes.

Counsel for respondent, on brief, states:

Respondent maintains that the $11,200.00 compromise settlement was not a tax but a penalty imposed upon the petitioner for illegal acts performed, and that such expenditure does not fall within the aforesaid section.

In *Lipke* v. *Lederer*, 259 U. S. 557, the court stated that:

"The so-called tax imposed by Section 35 of the National Prohibition Act, lacks all the ordinary characteristics of a tax, the primary function of which is to provide for the support of the Government, and clearly involves the idea of punishment for infraction of the law * * * the definite function of the penalty."

In *Regal Drug Co.* v. *Wardell*, 260 U. S. 386, the court stated that:

"Injunction will lie to restrain the collection of a penalty in the guise of the tax sought to be collected without due process of law. * * * Section 35, National Prohibition Act, does not empower the Commissioner of Internal Revenue to impose a penalty without notice or hearing for alleged violation of the provisions of said Act."

In *United States* v. *American Brewing Company*, 296 Fed. 772, the court in passing held that the $6.00 barrel tax was a penalty becoming due because of a violation of the law. The Court stated that:

"(1) We are clearly of opinion that for several reasons the provisions of the internal revenue laws do not apply to any of these cases, and that these

libels and search warrants must stand or fall under the authority of the National Prohibition Act. The authorization of warrants of search and seizure under the internal revenue laws and sections 3340 and 3450 of the Revised Statutes * * *, dealing with the forfeiture of property, are solely in aid of the collection of taxes. But the so-called tax imposed by Section 608 of the Act of February 24, 1919 (Comp. St. Ann. Supp. 1919, Sec. 6144 bb), re-enacted in 1921, *is clearly a penalty and not a tax.* The decisions of the Supreme Court are conclusive as to this." (Italics ours.)

Citing *Helwig* v. *United States,* 188 U. S. 605; *Lipke* v. *Lederer, supra,* and *Regal Drug Company* v. *Wardell, supra.*

From the foregoing citations, it is clear that Section 608 of the Revenue Act of 1918 provides for a *penalty* and not a tax as is contended by the petitioner.

It appears, however, that in *Lipke* v. *Lederer, supra,* and also in *Regal Drug Co.* v. *Wardell, supra,* the court had for its consideration a case in which all taxes assessable under internal revenue laws had been paid and in which action by the Government was predicated upon the provision of the National Prohibition Act, more especially section 35 thereof. The decision of the court in each case was based upon its interpretation of section 35 of the National Prohibition Act, whereas in the instant proceeding we have for our consideration section 608 of the Revenue Act of 1918.

It is noted that in *United States* v. *American Brewing Co., supra,* the District Court for the Eastern District of Pennsylvania said in the course of its opinion that section 608 of the Revenue Act of 1918 clearly provided for a penalty and not a tax, citing the *Lipke* and *Regal Drug Co.* cases, *supra.* However, the court was not called upon to construe the provisions of section 608 and what it said relative to that section was merely in passing and constituted nothing more than *obiter dicta.* Furthermore, we are not convinced that the *Lipke* and *Regal Drug Co.* cases, *supra,* are authority for such a construction of section 608 of the Revenue Act of 1918.

Especially is this true in view of the Willis-Campbell Act, passed November 23, 1921, certain provisions of which were construed by the Supreme Court in *United States* v. *Stafoff,* 260 U. S. 477, and *United States* v. *One Ford Coupe Automobile,* 272 U. S. 321. In *United States* v. *Stafoff, supra,* the court, after quoting from section 5 of the Act supplemental to the National Prohibition Act (the so-called Willis-Campbell Act) said:

But the Supplemental Act that we have quoted puts a new face upon later dealings. From the time that it went into effect it had the same operation as if instead of saying that the laws referred to shall continue in force it had enacted them in terms. The form of words is not material when Congress manifests its will that certain rules shall govern henceforth. *Swigart* v. *Baker,* 229 U. S. 187, 198. Of course Congress may tax what it also forbids. 256 U. S. 462. For offenses committed after the new law, *United States* v. *Yuginovich* can not be relied upon. Three counts in the *Remus* case charge

carrying on the business mentioned up to April 1, 1922, and therefore are governed in part by the Supplemental Act. So far as the decision of the Court below neglected this distinction it was wrong. The decision in Stafoff's case dealt with conduct before the date of the Supplemental Act and was right. * * *

In *United States* v. *One Ford Coupe Automobile, supra*, the Supreme Court said:

*First*. The claimant contends that, at the time of the seizure, the law did not impose any tax upon liquor illicitly made. Congress has power to tax such liquor. *United States* v. *Yuginovich*, 256 U. S. 450, 462; *United States* v. *Stafoff*, 260 U. S. 477, 480. By Rev. Stats. § 3248, the tax attaches to distilled spirits "as soon as it is in existence as such," *United States Fidelity & Guaranty Co.* v. *United States*, 220 Fed. 592; and upon its production the tax becomes a first lien thereon. *United States* v. *Ulrici*, 111 U. S. 38, 42. The Revenue Act of 1918, February 24, 1919, c. 18, § 600, 40 Stat. 1057, 1105, lays the tax "on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States." The provision in § 600b of the Act, concerning liquor which could not during the period of war-prohibition be lawfully sold or removed, did not remit the tax; it merely deferred the time for payment. It is clear that, before the enactment of the National Prohibition Act, it imposed the basic production tax upon all distilled spirits, although illicitly made.

The continued existence of taxes upon illicit liquor is indicated in § 35 of the National Prohibition Act (p. 317), which provides: "This Act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor." That Congress in enacting that law would intentionally have exempted illicit liquor from taxation is not likely. Moreover, we are not dealing with the construction of the law as enacted in 1919. The Willis-Campbell Act, November 23, 1921, c. 134, § 5, 42 Stat. 222, 223, supplemental thereto, continued in force or reenacted, by express provision, all laws in regard to the taxation of intoxicating liquor not directly in conflict with the prohibitory legislation. Furthermore, the Revenue Act of 1921, November 23, 1921, c. 136, § 600, 42 Stat. 227, 285, enacted on the same day, shows that Congress had no intention then of relieving liquor from taxation merely because illegally dealt with. For it provided specifically that if distilled spirits, tax-paid for nonbeverage purposes be diverted to beverage purposes, an additional tax of $4.20 per gallon must be paid, although under the law such diversion could not be made legally.

\*        \*        \*        \*        \*        \*        \*

*Second*. The claimant contends that the so-called tax on illicitly distilled spirits theretofore imposed ceased to be a tax and became in law a penalty, when the enactment of the National Prohibition Act changed the purpose of the tax from raising revenue to preventing manufacture, sale and transportation; and that to enforce such penalty by forfeiture of the property rights of innocent third parties would be a denial of due process of law. It is true that the use of the word "tax" in imposing a financial burden does not prove conclusively that the burden imposed is a tax; and that when it appears from its very nature that the imposition prescribed is a penalty solely, it must be treated in law as such. But the imposition here in question is not of that character. A tax on intoxicating liquor does not cease to be such because the sovereign has declared that none shall be manufactured,

and because the main purpose in retaining the tax is to make law-breaking less profitable. What was sought to be enforced and held to be a penalty in *Lipke* v. *Lederer*, 259 U. S. 557, 561, was the so-called double tax. Here, we are dealing with the basic production tax.

With respect to the character of the impositions called taxes there is nothing in either the Revenue Acts or the Prohibition Act which makes any distinction between the product of legal and illegal distillation. The Acts left in effect the basic tax of $2.20 per gallon, which was and is a true tax on the product, whether legally or illegally distilled, and added to it the additional amounts in case of illegal distillation or diversion to illegal uses. These additional amounts also are called taxes by Congress, and were understood by it to be such. Whether they were intrinsically penalties and should be treated as such we need not determine. The basic tax of $2.20 a gallon on liquor illegally produced is not imposed because of illegality, but despite of it. It is a tax within the meaning of §3450; and being unpaid makes that section applicable, even if the additional amounts imposed by the Acts be deemed penalties. Moreover, there is no constitutional objection to enforcing a penalty by forfeiture of an offending article. *Lipke* v. *Lederer* holds merely that the enforcement of a penalty by an administrative official without giving notice and an opportunity to defend is a denial of due process. * * *

Section 608 of the Revenue Act of 1918 has not been repealed and and from what has been said we are convinced that the $11,200 paid by the petitioner during 1922 was not a penalty but a tax and was deductible as such from his gross income for that year. With respect to the $10,000 attorney's fees paid by the petitioner during 1922, it appears that $5,000 was paid for legal services in connection with the compromise of the $25,000 tax, and we are of the opinion that such expenditure constituted a deduction under the provisions of section 214 (a) (1) of the Revenue Act of 1921. *G. T. Wofford*, 15 B. T. A. 1225; *H. E. Bullock*, 16 B. T. A. 451; and *Florence Grandin*, 16 B. T. A. 515. Cf. *R. D. Henry*, 3 B. T. A. 72.

It appears from the record that the petitioner paid attorney's fees amounting to $5,000 during 1922 and $3,000 during 1923 of which the total amount paid in 1922 and $1,000 of the amount paid in 1923 were for services rendered in connection with criminal charges brought against the petitioner and one of his truck drivers. It has not been shown for what services the balance of the $3,000 fee was paid. Consequently, no deduction can be allowed for such $2,000 balance. Nor do we think that the $6,000 expended for legal services in connection with the criminal charges can be allowed. The business of the petitioner was that of manufacturing and selling near bear, a lawful occupation, and we have held in numerous cases that fines and penalties for the doing of unlawful acts are not deductible as ordinary and necessary expenses, *Atlantic Terra Cotta Co.*, 13 B. T. A. 1289; *Bonnie Bros., Inc.*, 15 B. T. A. 1231; and *Terminal Railroad Association of St. Louis*, 17 B. T. A. 1135, and cases therein cited. By the clearest analogy amounts paid by the petitioner for the services of an attorney in defending himself

and an associate against criminal charges are not deductible as ordinary and necessary business expenses. *Burroughs Building Material Co.*, 18 B. T. A. 101. Cf. *George L. Rickard*, 12 B. T. A. 836.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*