## BROADWAY BLENDING CORPORATION v. SUGDEN, Collector of Internal Revenue.

## CATARACT BLENDING CORPORATION v. SAME.

### Nos. 1526, 1527.

District Court, W. D. New York.

March 13, 1933.

Joseph P. Doyle, of Rochester, N. Y. (Hugh J. O'Brien, of Rochester, N. Y., of counsel), for plaintiffs.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for defendant.

ADLER, District Judge.

Both of the above-entitled suits involve identical issues, and the facts in each are substantially the same.

The complainants are domestic corporations, one doing business in the city of Buffalo, N. Y., and the other in the city of Rochester, N. Y. The defendant is the collector of internal revenue for the Twenty-Eighth district of New York, which includes the cities of Buffalo and Rochester.

These actions are brought in equity. Upon the filing of the bills of complaint, applications were made in each suit, upon verified affidavits of officers of the complainant corporations, for temporary injunctions restraining the defendant from proceeding to collect or assess any and all taxes against the complainant corporations upon the manufacture and sale of "brewer's wort." Temporary injunctions were issued. Motions by the complainant corporations to make these injunctions permanent pending the determination of the suits were denied upon the failure of the complainant corporations to furnish security.

Decision on motions to dismiss the bill of complaint in each suit was reserved until the end of the trial. The grounds of the motions which were set up in the amended answers as separate and distinct defenses were: (a) That the complainant corporations had a complete and adequate remedy at law, of which they had not availed themselves; (b) the alleged causes of action were barred under the provisions of section 3224

of the Revised Statutes (26 USCA § 154), prohibiting the maintenance of any suit for the purpose of obtaining injunctive relief to restrain the collection of any tax; (c) failure of the bills of complaint to allege facts sufficient to constitute a valid cause of action in equity; (d) lack of jurisdiction.

The complainant corporations rest their prayer for equitable relief upon the grounds: (a) That the so-called "blend" manufactured and sold by them is not in fact "brewer's wort," and therefore cannot be taxable as such; (b) that the tax in question is, in fact, a penalty; (c) that the tax is confiscatory; (d) that the method of assessment and collection pursued by the defendant was illegal.

It seems necessary to quote the applicable provisions of the Revenue Act of 1932, with brief comment on the act and the regulations. Section 601, subd. (c) (2) of title 4 (26 USCA §§ 3601–3629 note), reads as follows: "Brewer's wort, 15 cents a gallon. Liquid malt, malt syrup, and malt extract, fluid, solid, or condensed, made from malted cereal grains in whole or in part, unless sold to a baker for use in baking or to a manufacturer or producer of malted milk, medicinal products, foods, cereal beverages, or textiles, for use in the manufacture or production of such products, 3 cents a pound. For the purposes of this paragraph liquid malt containing less than 15 per centum of solids by weight shall be taxable as brewer's wort."

The tax imposed under title 4, § 601, subd. (c) (2), became effective June 21, 1932. (See article 2 of Regulations 44.) It attaches when title to the article sold passes from the manufacturer (article 5 of Regulations 44), and shall be paid by the manufacturer on all sales made directly or through an agent (article 4 of Regulations 44). Returns must be filed with the tax on or before the last day of the month following that for which it is made, except when otherwise prescribed under article 31, covering jeopardy assessments (article 48 of Regulations 44). All taxes are due and payable to the collector without assessment by the Commissioner or notice from the collector at the time fixed for filing the returns (article 49 of Regulations 44).

Another provision of the Revenue Act of 1932 which has application to these cases is section 1105 (26 USCA § 4105), which reads as follows:

"(a) If the Commissioner finds that a person liable for tax (other than income tax) under any provision of the internal-revenue laws designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act tending to prejudice or to render wholly or partly ineffectual proceedings to collect such tax unless such proceedings be brought without delay, the Commissioner shall cause notice of such finding to be given such person, together with a demand for an immediate return and immediate payment of such tax, and such tax shall thereupon become immediately due and payable.

"(b) If such person (1) is not in default in making any return or paying any tax under the internal-revenue laws, and (2) furnishes to the United States, under regulations to be prescribed by the Commissioner with the approval of the Secretary, security approved by the Commissioner that he will duly return and pay the tax to which the Commissioner's finding relates, then such tax shall not be payable prior to the time otherwise fixed for payment."

Something of the business, history, the organization, and the financial set-up and status of the complainant corporations, as developed by the testimony on the trial, must be stated. The Broadway Blending Corporation was incorporated and commenced business on August 5, 1932, by borrowing the sum of $5,500. It apparently acquired no other assets. On December 1, 1932, its bank book shows a balance on hand of $18.81. However, the entries in the bank book disclose that from August 10, 1932, to October 12, 1932, inclusive, this corporation deposited approximately $100,000. The Cataract Blending Corporation was incorporated and began business on July 8, 1932, with an authorized capital stock of $25,000, $1,500 of which was cash, and $23,500 of stock was issued for a quantity of machinery and tin cans.

1. On the question whether the product taxed was not "brewer's wort," the testimony offered by the complainants was not convincing. In the Broadway case complainant's witness who was its expert gave practically no testimony on that point. In the Cataract case, after testifying at length as to the analysis of a sample, which testimony was admitted over objection on the ground of the uncertain identification of the sample, the same witness who was in the employ of both complainants stated that the product is a diluted malt syrup solution and not liquid malt or wort. He called it a blend. The defendant offered the testimony of two government chemists. They testified that they made analyses of the product of complainants, and tes-

tified positively that they found it to be "brewer's wort." Further, that in their opinion it was made wholly or in part from malted cereal grains. This was the entire testimony in these cases on the nature of complainants' product. I shall not comment further on this question at this time, in view of my conclusions shortly to be stated on the other questions involved.

**2.** Complainants contend that the tax in question is in fact a penalty, and that therefore section 3224 of the Revised Statutes (26 USCA § 154), which will hereafter be discussed, is without application. The complainants offered in evidence the Revenue Act of 1932 imposing the tax and the committee hearings in Congress held prior to its passage. I must find that the entire act was designed and passed for the purpose of raising revenue for the support of government. As stated by the Supreme Court in Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, the distinction between a tax and a penalty is that the one has for its purpose the raising of revenue and the other is punishment for an infraction of the law. Lipke v. Lederer, supra, had under consideration a penalty, so termed, in the National Prohibition Act (27 USCA), a penal statute. It does not apply, because there is nothing here to indicate that the tax in question was included in the Revenue Act of 1932 for any other purpose than to raise revenue. Even assuming that "brewer's wort" cannot be used except in the manufacture of beer in violation of the National Prohibition Act, the Congress may tax that which it prohibits, and this fact does not operate to constitute the tax a penalty. This was held by the Supreme Court in United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. I conclude that the tax imposed on "brewer's wort" is not a penalty.

**3.** Complainants contend that the tax in question is confiscatory because it is so high as to result in the destruction of their business. Of this there is no proof, but, assuming it to be true, the courts are without power to interfere in view of the rule laid down in McCray v. U. S., 195 U. S. 27, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561, and reiterated in Miller v. Standard Nut Margarine Co., 284 U. S. at page 506, 52 S. Ct. 260, 262, 76 L. Ed. 422, where the Supreme Court said: "The complaint asserts that the exaction of ten cents per pound, while in the guise of a tax, is really a penalty imposed to eliminate competition with butter and is therefore in excess of the power granted to the Congress by the Constitution. But, having regard to McCray v. U. S., 195 U. S. 27, 59, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561, we treat the imposition laid by the act upon oleomargarine as a valid excise tax."

**4.** The contention of plaintiffs that the method of assessment and collection was illegal will be passed over, for the reason that the original assessments have been vacated and discharged, as was set up in the amended answers and proven upon the trial.

**5.** The main question here is whether the complainants had an adequate remedy at law of which they have not availed themselves, and whether they are barred from maintaining these suits in equity in view of the provisions of section 3224 of the Revised Statutes which prohibit the maintenance of any suit to restrain the collection or assessment of any tax, unless (1) there exists some special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, or unless (2) it is determined that the tax in question is in fact a penalty, and therefore without the provisions of section 3224. Unless the complainants are brought by their pleadings and proof within the exceptions above stated, these actions in equity will not lie.

It is necessary to discuss briefly the case of Miller v. Standard Nut Margarine Co., supra, which is authority for the first exception just stated to section 3224. In the Miller Case, which had to do with the tax on oleomargarine, the Internal Revenue Bureau had failed to appeal from adverse decisions rendered in actions at law determining the product in question not to be taxable as oleomargarine, and the Commissioner of Internal Revenue had advised the trade generally that the particular product was not taxable. Upon this ruling the complainant in that case manufactured and sold over a considerable period of time thousands of dollars worth of its product not contemplating any liability for taxes. The Supreme Court in its decision reciting these facts and other unusual facts as they appeared in this case stated that, "by reason of the special and extraordinary facts and circumstances, section 3224 does not apply." In the cases at bar there are no extraordinary facts and circumstances of the character and comparable with those that appear in the Miller Case. Here the complainants did not proceed with their obvious legal remedy, which is to pay the tax and sue for recovery, while in the oleomargarine cases there had been decisions in cases at law

against the Internal Revenue Bureau. These cases cannot be brought within the exception defined by the Miller Case.

The other exception that would take these cases without the provisions of section 3224 is that the tax is in fact a penalty. I have previously discussed that question and held that in these cases the tax is not a penalty, and distinguished the case of Lipke v. Lederer, supra, relied upon by the complainants.

On the question of the constitutionality of the tax raised by complainants, the interesting case of Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816, is cited. In this case the taxpayer sought relief in equity from the provisions of the Child Labor Tax Law (40 Stat. 1138–1140), and the court held that the unconstitutionality of the tax was not sufficient to invoke equity jurisdiction, in view of section 3224 of the Revised Statutes. On the same day that that decision was handed down by the Supreme Court, it handed down the decision in Child Labor Cases, 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432, in which it held the Child Labor Tax Law unconstitutional, but in the last-mentioned case the taxpayer pursued the remedy provided by law, which is by paying the tax and suing for its recovery. State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663; Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965.

My conclusion is that the complainants have not brought themselves within the exceptions of section 3224 of the Revised Statutes, nor have they by their complaints or their proof established ground for equitable relief.

Decrees may be entered accordingly.