WASSELL v. LEDERER, Collector of Internal Revenue.

(District Court, E. D. Pennsylvania. July 19, 1921.)

No. 2211.

Internal revenue ⊙—28—Court cannot enjoin collection of tax.

 A federal trial court, having no jurisdiction to enjoin collection of an internal revenue tax, will not make a finding that what is called a tax in an act of Congress is not in fact a tax, but an imposition which Congress was without power to make, and enforcement of which may be enjoined.

In Equity. Suit by Thomas Wassell against Ephraim Lederer, Collector of Internal Revenue, to restrain the levy of a tax under section 35 of the National Prohibition Act. On motion to dismiss bill. Motion granted.

John O. Ulrich, of Tamaqua, Pa., for plaintiff.

T. Henry Walnut, Asst. U. S. Atty., and Chas. D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The real question involved is whether the plaintiff has any enforceable right of action. The purpose of the bill is stated and the real cause of action implied by the averment of paragraph 3:

 "That this suit is instituted to prevent" the "collector of internal revenue from collecting and attempting to collect from the plaintiff internal revenue tax levied under and by virtue of the act of Congress of October 28, 1919."

This averment sounds the death knell of the complaint. The power we are asked to exercise is the very power which, under the policy of law relating to internal revenue, the courts are not to exercise. The plaintiff asks that the hand of the tax gatherer be controlled, because payment of the tax should not be exacted. The plaintiff may possess the substantial right which he invokes, but he has mistaken his remedy. The remedy provided by Congress in the case of a tax, the payment of which is unlawfully exacted, is in the given right of action to the taxpayer to recover the sum unlawfully exacted. The taxpayer is not permitted to stay all the operations of government until his rights are determined.

This principle of the policy of the law, as prescribed by Congress, is doubtless accepted by the plaintiff. His real position we assume is that the principle is without application, because the exaction here is not the payment of a tax, but of a fine or penalty imposed in and under the guise of a tax. As pointed out and ruled in other cases, this distinction involves the finding of a fact which we are unwilling to make. Congress has called the payment imposed a tax, and has directed it to be levied and collected as such. It is, as we view it, beyond the province of a trial court to make the finding that Congress is not exercising the power which it declares itself to be exercising, but another power which it does not lawfully possess. We recognize the soundness of the distinction upon which the plaintiff stands. If the Constitution of any state or nation denies to its legislative branch the power

to do a certain thing, the exercise of the power will be halted by the courts, in spite of the fact, if such be the fact, that the Legislature is asserting the denied power through the pretense of calling it by the name of another power which the Legislature may lawfully exercise.

It will be admitted, we assume, that Congress possesses a lawful power to levy and collect an excise tax. It would likewise be denied, we assume, that Congress possessed any lawful power to prohibit an act, impose a penalty for the commission of the prohibited act, and enforce the collection of the fine, without the guilt of the defendant having been first determined. The courts are intrusted with the power and charged with the duty of protecting individuals in all their constitutional rights. The view we take, however, is that it is the orderly and preferred mode of judicial procedure to leave to a court of final jurisdiction the duty and responsibility of finding the fact upon which the distinction made rests.

We accordingly refuse to make the finding that the tax imposed is not a tax, and this carries the consequence that the bill of complaint be dismissed. It is so dismissed, with an exception allowed to the plaintiff.