## BLACK v. RAFFERTY, Collector of Internal Revenue.

(District Court, E. D. New York. February 14, 1923.)

Internal revenue ⊕28—Court cannot enjoin collection of income taxes.

A suit to enjoin proceedings for collection of income taxes *held* not maintainable, in view of Rev. St. § 3224 (Comp. St. § 5947), providing that "no suit for the purpose of restraining the assessment or collection of any tax can be maintained in any court."

In Equity. Suit by Allan Black against John T. Rafferty, individually and as Collector of Internal Revenue. On motion for preliminary injunction, and motion by defendant to dismiss bill. Motion for injunction denied, and motion to dismiss granted.

William L. Wemple, of New York City, for complainant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., Frederick L. Kopff, Asst. U. S. Atty., of Brooklyn, N. Y., Chester A. Gwinn, Atty., Treasury Department, of Washington, D. C., and J. T. Dortch, Sp. Atty., Bureau of Internal Revenue of New York City, for defendant.

GARVIN, District Judge. The complainant seeks a preliminary injunction, pending the trial of the action restraining the defendant from distraining or otherwise interfering with the property of the complainant under two certain so-called assessments of income taxes, described in the bill of complaint, or taking any proceedings to collect the same. At the same time the defendant moves to dismiss the bill of complaint upon the following grounds.

"(1) That it appears on the face of the complaint by plaintiff's own showing that he is not entitled to the relief prayed for by this complainant against the defendant nor to any relief arising from the facts alleged in said complaint.

"(2) That it appears on the face of said complaint that this court has no jurisdiction to hear and determine this suit.

"(3) That it appears on the face of said complaint that this court has no jurisdiction of the subject-matter of this suit.

"(4) That it appears on the face of said complaint that said plaintiff is wholly without equity.

"(5) That the complainant has a plain, speedy, and adequate remedy at law."

The bill alleges that the Commissioner of Internal Revenue pretended to make an assessment of taxes against the complainant as for income claimed to have been received by complainant for the taxable year 1920, which said pretended assessment is in the sum of $525,768.43, and that in like manner said Commissioner pretended to make an assessment of taxes against complainant for income claimed to have been received by him in the taxable year 1918, which said pretended

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

assessment is in the sum of $377.88. The bill further alleges that thereafter complainant received by mail a printed notice stating that said pretended assessments had been made against him and that he was never notified of the fact that any assessments of any kind were under consideration by the said Commissioner, and that no opportunity for a hearing was afforded complainant by said Commissioner or by any of his agents or deputies; nor did said Commissioner have nor did he seek any proof, evidence, or facts respecting complainant's income for said periods or any other period.

The bill further alleges that complainant's first information of the action of the Commissioner consists of two printed notices received by him in the mail stating that the pretended assessments aforesaid had been made, and demanding that payment of amounts aggregating $526,146.31 be made to John T. Rafferty, the collector of internal revenue, for the First collection district on or before October 16, 1922, which notices were received by complainant one or two days after October 6, 1922. It is further alleged in the bill that these pretended and illegal assessments have been forwarded to said John T. Rafferty for collection by the Internal Revenue Department, and that said collector is now threatening that unless payment of said sum of $526,146.31 is made to him he will under color of law levy upon and distrain complainant's property, and the property of others, in which complainant has no title.

The bill further alleges that neither in the year 1920 nor in the year 1918 did complainant receive or enjoy any income which was taxable under the provisions of the Income Tax Law and that the said pretended assessments are invalid and illegal. Other allegations follow which are not material, the bill concluding with the usual allegation that irreparable damage will be caused thereby to complainant and that he has no adequate remedy at law. Section 3224 of the Revised Statutes (Comp. St. § 5947) provides that:

"No suit for the purpose of restraining the assessment or collection of any tax can be maintained in any court."

This has repeatedly been before the courts. See Wassell v. Lederer (D. C.) 274 Fed. 489, which seems to be one of the most recent authorities in point. I have examined the brief submitted by complainant, including the case of Du Pont v. Graham, Collector (D. C.) 283 Fed. 300, attached thereto. The reason that the court interfered in the latter case by injunction was that Congress had barred a suit to collect the tax there involved by a statute of limitations which had expired. Hence the court enjoined further prosecution of an action because on account of other statutory provision referred to by the court plaintiff would have no adequate remedy at law if he paid the tax and sued to recover it back. No such state of facts is disclosed here.

I have examined with great care the case of Regal Drug Corporation v. Wardell, as Collector, etc., 43 Sup. Ct. 152, 67 L. Ed. ——, decided by the United States Supreme Court, December 11, 1922, upon which defendant relies; but that case does no more than approve Lipke

v. Lederer, Collector, 42 Sup. Ct. 549, 66 L. Ed. 1061, decided June 5, 1922, by the same tribunal, which held that that case involved an attempted collection of a penalty in which an injunction might lie. The case at bar seeks to prevent the prosecution of a suit to collect income taxes, quite different.

The motion for an injunction is denied, and the motion to dismiss the bill is granted.