## In re CRESCENT BEVERAGE CO.

(District Court, W. D. Pennsylvania. August 2, 1923.)

### No. 922.

**Intoxicating liquors ⚮⚮244—Brewery premises cannot be seized under search warrant.**

The premises on which a brewery is operated cannot be seized by virtue of a search warrant, but possession must be taken from the owner under National Prohibition Act, tit. 2, § 22 (Comp. St Ann. Supp. 1923, § 10138½k); the practice after seizure on search warrant being prescribed by section 25 of title 2 (section 10138½m), and Act June 15, 1917, tit. 11 Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.).

In Equity. Petition by the Crescent Beverage Company for the return of premises and utensils seized pursuant to a search warrant issued by a United States commissioner. Petition granted.

Smith, Best & Horn, of Greensburg, Pa., for petitioner.
Walter Lyon, U. S. Atty., of Pittsburgh, Pa.

GIBSON, District Judge. The Crescent Beverage Company has filed a petition wherein it prays for the return of its premises, certain utensils used in the manufacture and dealcoholization of beer, and certain beer in vats, all of which were seized pursuant to a search warrant issued by the United States commissioner. After a rule to show cause, and answer by the acting divisional chief of the general prohibition agents, Pittsburgh, Pa., a hearing was had thereon. At the hearing the facts were made to appear substantially as follows:

The Crescent Beverage Company, on April 30, 1923, when the search warrant was issued, was not the holder of a direct permit to conduct a dealcoholization plant during the year 1923. However, it had received such permit on June 30, 1922, and on December 26, 1922, had filed with the prohibition commissioner an application for renewal. This application was acknowledged by the federal Prohibition Director for the state of Pennsylvania, on January 9, 1923, who informed the Crescent Beverage Company in his letter of acknowledgment that:

"Permits expiring December 31, 1922, for which applications have been duly filed (before December 31, 1922), may, in the absence of express action, continue as renewal permits until April 30, 1923, only except that, if any permittee who has not received notice of action upon his application on or before April 1st shall notify the Prohibition Commissioner, Washington, D. C., by *registered letter* mailed between the 1st and 15th of April, that such application was filed before December 31, 1922 (giving facts), and that no notice thereon had been received, then his permit may remain in force as a renewal permit until such application is acted upon."

On April 6, 1923, the petitioner had forwarded such a notice as is mentioned in the Prohibition Director's letter of January 9, 1923, to the Prohibition Commissioner at Washington, D. C., and had continued to conduct its plant until the search warrant was served upon it on or about May 1, 1923. On May 1, 1923, a search warrant issued by the United States commissioner was served by the prohibition

⚮⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

agents, who seized 1,170 barrels of beer in the vat, the brewhouse, and the machinery contained therein and used in the operation of the plant, also 1,777 bushels of malt, 7,712 pounds of hops, and 29,360 pounds of cerealine. After seizure, the brewhouse, with its contents, was locked up by the prohibition agents. In other words, by means of the search warrant, the prohibition agents undertook to seize the real estate of the petitioner, as well as the machinery and products therein contained.

An examination of the search warrant discloses a holding of a United States commissioner, pursuant to affidavit made before him by the acting chief federal prohibition agents, Pittsburgh, Pa., to the effect that the Crescent Beverage Company was not a permit holder at the time of its issuance. Upon hearing it was developed that this finding was not in accordance with the facts. The right of the petitioner to conduct its plant had been recognized by the Bureau of Internal Revenue, and hence the seizure of its building, machinery, and product in course of manufacture had no lawful foundation whatsoever. But, even if a proper foundation for a seizure had existed, the seizure of the premises could not properly be made by virtue of a search warrant. Section 22, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k), prescribes the method by which the brewery premises may be taken from the possession of the owner. Section 25 of the same act (Comp. St. Ann. Supp. 1923, § 10138½m), and title 11 of Public Law No. 24 of the 65th Congress, approved June 15, 1917 (40 Stat. p. 228 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.]), prescribes the practice after seizure upon search warrant, and was not observed in the present case. We are of the opinion that the seizure of the premises, machinery, and product in course of manufacture was without warrant of law, and think it is our duty in the premises to make an order for the return thereof.

After hearing upon the rule, the United States attorney filed a petition wherein, in substance, he recited that certain officers had by error been subpoenaed to appear before the court upon a day other than that fixed for the hearing. In his petition the United States attorney stated his expectation of being able to prove by these officers that several truckloads of beer containing approximately 3 per cent. of alcohol by volume had been taken from the Crescent Beverage Company several days before the issuance of the search warrant and had been seized by said state officers. We have denied the petition of the United States attorney to reopen the hearing upon the rule for the purpose of introducing this testimony, because we are of the opinion that the fact alleged would be irrelevant in the inquiry before us. An offense committed by the Crescent Beverage Company may be punished by criminal action against it, and the offense committed may possibly serve as a basis for a bill for the abatement of the brewery as a nuisance, as contemplated by section 22, title 2, of the National Prohibition Act, but would not justify a detention of the property seized without warrant of law.