### UNITED STATES v. SPENCER et al.

(District Court, M. D. Pennsylvania. October 10, 1923.)

No. 2872.

Intoxicating liquors ⬳248—Federal prohibition agent cannot obtain search warrant on information and belief, as authorized by internal revenue law.

A search warrant cannot be issued under Rev. St. § 3462 (Comp. St. § 6364), based on information and belief of affiant, a federal prohibition agent, as those employed to enforce the National Prohibition Act are not internal revenue officers, and are limited to the means of search provided for by that act, in view of title 2, §§ 2, 25.

Criminal prosecution by the United States against James Spencer and Amanda Spencer. On defendants' motion to quash a search warrant. Motion allowed.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa.
Mark E. Garber, of Harrisburg, Pa., for defendant.

WITMER, District Judge. The search warrant issued in pursuance of the internal revenue laws (section 3462, R. S. [Comp. St. § 6364]), on information and belief of the affiant, who designates himself as a federal prohibition agent. In United States v. Bookbinder (D. C.) 278 Fed. 218, it was held that a search warrant lawfully issued on information and belief under section 5769, Compiled Statutes, for seizure of smuggled goods; and, no doubt by analogy of reasoning, such a warrant so founded would be good if issued under the internal revenue section mentioned. However, it will be noted that this section provides that the search warrant shall issue only on oath of an internal revenue officer authorizing him to make search if he has reason to believe that a fraud on the revenue has been or is being committed, etc.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The purpose of the National Prohibition Act (41 Stat. 305) is to enforce the Eighteenth Amendment and the agents appointed in pursuance of its provisions by and through the Internal Revenue Commissioner are employed with this end in view. They are not, so to speak, internal revenue officers having in view the prevention of the commission of frauds upon the internal revenue. The internal revenue officers contemplated to act on information and belief under the provision of section 3462, R. S., are persons of authority having usually practical experience and generally act advisedly, either by reason of their own familiarity of laws governing in their situation or on advice of the Attorney General or his assistants. Again, the act authorizing the employment of the so-called prohibition agents does not contemplate that these agents assume the rôle of internal revenue agents, nor resort to any other than the means of search provided by the act authorizing their appointment; otherwise, the provisions (sections 2 and 25, title 2, of the National Prohibition Act) governing in the issuing of search warrants should not have been inserted. It was no doubt intended that the National Prohibition Act should furnish a full, complete, and adequate remedy for the enforcement of national prohibition, and it is not unreasonable that those employed for the purpose should be confined to the means and remedies thereby afforded to accomplish this end.

The search warrant appears unfounded and unauthorized, and the motion to quash is therefore allowed.