### UNITED STATES v. 2,615 BARRELS, MORE OR LESS, OF BEER et al.

(District Court, M. D. Pennsylvania. August 22, 1924.)

No. 1601.

1. Intoxicating liquors ⬤⟿249—Search warrant for brewery, describing premises of disinterested persons, held invalid.

A warrant ordering search of premises bounded by four streets, "having located thereon a * * * brewery," when the block described included grocery, meat market, and dwelling houses of disinterested persons, as well as the brewery, held invalid, as too general.

2. Intoxicating liquors ⬤⟿245—Internal revenue laws held inapplicable to enforcement of national prohibition.

Libel against property seized on search of a brewery, under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), will be dismissed as to count based on internal revenue laws, since the Prohibition Act was intended to and does furnish a full, complete, and adequate remedy for enforcement of national prohibition, to which those employed to enforce it should be confined.

3. Internal revenue ⬤⟿45—Imposition of tax, having punitive purpose, must be preceded by hearing.

Whether Act Feb. 24, 1919, § 608 (Comp. St. Ann. Supp. 1919, § 6144bb), re-enacted in 1921, taxing beer, ale, etc., imposes a penalty or tax, its imposition, if it has a punitive purpose, must be preceded by opportunity to contest its validity.

**4. Intoxicating liquors ⬤⟹250—No previous seizure of intoxicating liquors is necessary to support libel.**

No previous seizure is necessary to enforce a libel against intoxicating liquors unlawfully possessed, under National Prohibition Act, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), authorizing destruction on conviction, as no property right exists in the liquor.

**5. Intoxicating liquors ⬤⟹250—Hearing required before destruction of liquors.**

Though National Prohibition Act, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), providing for destruction of liquor unlawfully possessed, is silent as to procedure necessary to destroy the property, it should be brought before the court constructively, either by warrant, libel, or otherwise, and the owner, given a hearing, after reasonable notice, before destruction thereof.

In Equity. Proceeding by the United States against 2,615 barrels, more or less, of beer, and 23,200 pounds, more or less, of hops, found in the possession of Pennsylvania Central Brewing Company, E. Robinson's Sons Department. On motion to quash the search warrant, set aside service thereof, and dismiss the libel. Motions granted in part and refused in part.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Alton A. Vosburg, Asst. U. S. Atty., of Scranton, Pa.

John H. Bigelow, of Hazleton, Pa., and O'Brien & Kelly and Knapp, O'Malley, Hill & Harris, all of Scranton, Pa., for defendant.

WITMER, District Judge. A search warrant was issued at the instance of a national prohibition agent, and certain property of the defendant was seized, followed by the filing of a libel under which the seized property was taken into custody, to the end that the same be confiscated for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Motions were filed to quash the search warrant, to set aside service thereof, and to dismiss the libel. In considering first the search warrant, it may be said that much has been written on the use and abuse of the right of search and seizure by warrant, authorized and unauthorized. The subject does not call for further rehearsal here.

[1] The form of the warrant under consideration alone is sufficient to satisfy the court that it cannot stand, and thus it will not be necessary to give attention to the remaining numerous objections aimed at it. The warrant is clearly wanting, in that it does not particularly describe the premises to be searched, as required by the Constitution and statutes governing. It recites that:

"Whereas, Morris Sherr, general prohibition agent, has this day made and presented before me a verified application and affidavit in which he deposes and says: That on or about April 10, 1924, * * * the Pennsylvania Central Brewing Company, E. Robinson's Sons Department, a corporation, then and there was and now is operating and conducting an establishment consisting of a brewery, on the premises located at Sixth and Linden streets, in the city of Scranton, Pennsylvania, the same being more particularly described as follows, to wit: A parcel of land bounded on the north by W. Linden street, on the south by Schnell's Court, on the east by N. 7th avenue, and on the west by Wright Court, having located thereon a three-story brick brewery."

After reciting the evidence in support of probable cause, follows the recital: "And whereas, in said application and affidavit the said deponent alleges in his oath that as a consequence of said facts he has reason to believe, and does verily believe and make complaint, and says on his oath that the said establishment of the Pennsylvania Central Brewing Company, E. Robinson's Sons Department, a corporation, heretofore described, has been and was on the 10th day of April, 1924, and is now being operated, conducted, and maintained in violation of the provisions of the National Prohibition Act, in that a cereal beverage containing one-half of 1 per centum and more of alcohol by volume, fit for use for beverage purposes, has been, was, and now is being manufactured, kept, and sold, contrary to the law in such case made and provided, and there are contained in and upon said premises above described large quantities of beer containing one-half of 1 per centum and more of alcohol by volume fit for use for beverage purposes, in tanks, casks, etc., * * * used, etc., * * * in the unlawful manufacturing," etc.

And further reciting the evidence adduced in support of the warrant and the finding of probable cause as a ground for the same, it is further contained: "Now, therefore, you are hereby commanded in the name of the United States to enter the said premises above described and with the necessary assistance * * * then and there to search the said premises for all and singular articles and things above described and specified, which then and there may be found to be located in and upon the premises above described, or in any part thereof, and to seize the same. * * *"

The command clearly is to search the premises and every part thereof described in the warrant as lying between West Linden street, Schnell's Court, North Seventh avenue, and Wright Court. Aside from the confusion arising, in that there is no brewery in the city located at the corner of Sixth and Linden streets, as first alleged in the warrant, the further consideration presents itself that the premises directed to be searched, described as lying at the corner of North Seventh avenue and Linden street (on which premises the brewery is said to be located), is, on examination, found to consist of a block of ground on which are located, not only the three-story brick building occupied for brewery purposes, but also one one-story grocery and meat store, one double brick dwelling house, and five frame dwelling houses, all of said buildings and houses being occupied solely by private families exclusively from the brewery, and are the property of others not interested in the Robinson's Sons corporation.

It was remarked by the court, in dismissing the search warrant in United States v. Inneli, 286 Fed. 731, where the warrant was directed toward premises occupied, not only by the suspected party, but also having persons residing thereon who were strangers to the proceeding, and whose tenement was embraced within the search warrant's description of the place to be searched, and it may well be repeated here: "Had the whole premises included within the description belonged, as was doubtless erroneously taken for granted, to the persons whose place was meant to be searched, such a description as that given might meet all practical needs. * * * It must not be forgotten that a warrant is a command which must be obeyed. It is true that the persons to whom it is directed are expected to use judgment and discretion in its execution, but the command is none the less imperative. Such a command should not direct a search which would be wholly unjustified. If the place described by street and number is used by a number of persons for different purposes, then it is not a place; but there are several places included in the one description. It is then a general, but not a 'particular,' description. The evidence upon which the warrant issues should go to all the essential features of the authority given, and the particular place to be searched is one, and an important one. The evidence in the instant case admittedly did not justify a search of the place described in the warrant. The descrip-

tion was too broad, and included premises to search which no probable cause appeared."

And so it has been held in United States v. Mitchell (D. C.) 274 Fed. 128, that where the place to be searched was only one of an apartment in the building where the search of the entire building was authorized, the warrant was held too general; the court styling the warrant as all-devouring, issued against an apartment house, where many families reside, holding that "this of itself is sufficient to condemn it, as it was never claimed that the whole premises should be searched."

[2, 3] Referring to the motion to dismiss the libel, it will be noted that the libel contains two counts, one based on a violation of the National Prohibition Act and the other on violation of the internal revenue laws. Both these counts are called upon by way of punishment of the defendant for the illegal manufacture and sale of the intoxicating beverages recited. This will not be sustained; the court concurring in the opinion filed in the case of United States v. American Brewing Co. et al. (D. C.) 296 Fed. 772, wherein it is said: "We are clearly of the opinion that for several reasons the provisons of the internal revenue laws do not apply to any of these cases, and that these libels and search warrants must stand or fall under the authority of the National Prohibition Act. The authorization of warrants of search and seizure under the internal revenue laws and sections 3340 and 3450 of the Revised Statutes (Comp. St. §§ 6146, 6352), dealing with the forfeiture of property, are solely in aid of the collection of taxes. But the so-called tax imposed by section 608 of the Act of February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6144bb), re-enacted in 1921, is clearly a penalty and not a tax. The decisions of the Supreme Court are conclusive as to this" —referring to Helwig v. United States, 188 U. S. 605, 23 Sup. Ct. 427, 46 L. Ed. 614, Lipka v. Lederer, 259 U. S. 560, 42 Sup. Ct. 549, 65 L. Ed. 1061, and Regal Drug Corporation v. Wardell, 260 U. S. 386, 43 Sup. Ct. 152, 67 L. Ed. 318.

In explaining the former case Justice McKenna said in writing the opinion in the latter: "The function of a tax, it was said, 'is to provide for the support of the government,' the function of a penalty clearly involves the 'idea of punishment for infraction of the law,' and that a condition of its imposition is notice and hearing. O'Sullivan v. Felix, 233 U. S. 318, 324. And even if the imposition may be considered a tax, if it

have punitive purpose, it must be preceded by opportunity to contest its validity. Central of Georgia Ry. Co. v. Wright, 207 U. S. 127."

Mr. Justice McReynolds, referring to the National Prohibition Act (41 Stat. 305, c. 85), in Lipka v. Lederer, supra, reiterating what was said in United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, says: "It is a comprehensive statute intended to prevent the manufacture and sale of intoxicating liquors for beverage purposes"—holding that the so-called taxes retained in force and imposed by section 35 of the act (Comp. St. Ann. Supp. 1923, § 10138½v), upon dealing in liquor, prohibited and made criminal by the act, are in reality a penalty; that the same cannot be enforced by distraint of the offenders' property, as in case of the collecton of a tax; and that Rev. Stat. § 3224 (Comp. St. § 5947), forbidding suits to restrain assessments or the collection of any tax, and the statutory remedy to enforce payment and action to recover same, are inapplicable to the case of assessments under section 35 of the National Prohibition Act.

Since then it has been held by Judge Gibson, of the Western District of Pennsylvania, in Re Crescent Beverage Co. (D. C.) 297 Fed. 1009, that the premises on which a brewery is operated cannot be seized by virtue of a search warrant, but possession must be taken from the owner under the National Prohibition Act, tit. 2, § 22. Cases like the present will be disposed of, as was clearly intended by Congress in the enactment of the National Prohibition Act and its supplements, without regard to the effort, as was said, to bolster under the revenue statutes, since we remain of the opinion as heretofore expressed in United States v. Spencer et al., 292 Fed. 871, that "it was no doubt intended that the National Prohibition Act should furnish a full, complete, and adequate remedy for the enforcement of national prohibition, and it is not unreasonable that those employed for that purpose should be confined to the means and remedies thereby afforded to accomplish this end." And it might be added that under its provisions we believe adequate, full, and complete justice can be meted out in the enforcement of the Eighteenth Amendment.

[4] Though the warrant falls, and the revenue acts do not apply to the case under the facts as appearing, the libel yet will stand, since no previous seizure is necessary, and the same is also based on a violation of the National Prohibition Act. The act provides (section 25): "It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title, or which has been so used, and no property rights shall exist in any such liquor or property. * * * If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order." In the following section (26) authority is conferred upon the court to dispose of such liquor and property on conviction of the responsible parties by ordering the destruction or sale thereof, unless good cause is shown to the contrary; but where there has been no arrest and conviction, and liquor and property are unlawfully possessed as provided in the preceding section, in order to effect a forfeiture there must be notice and hearing before the disposition of the liquor or property can be effected by the court. United States v. Cooper (D. C.) 295 Fed. 709; United States v. Intoxicating Liquors (D. C.) 291 Fed. 717.

[5] The act is silent as to the form of procedure to accomplish the purpose intended or to obtain an order or decree of forfeiture; but it is clear that the property is intended to be brought before the court constructively, either by warrant, libel, or otherwise, and to afford the owner thereof a hearing after reasonable notice before disposition thereof.

The motion to quash and set aside service of the search warrant is allowed. Referring to the libel, the motion to dismiss is granted as relating to the second count, and denied as relating to the first count. The defendant is allowed 30 days to make answer thereto.