## UNITED STATES ex rel. PHILLIPS, Collector of Internal Revenue, v. DI MARCO.

(District Court, M. D. Pennsylvania. August 9, 1926.)

### No. 469.

**Constitutional law** ⊛═306—**Internal revenue** ⊛═45.

So-called tax, imposed by National Prohibition Act, tit. 2, § 35, for manufacture for sale, or sale, in violation of the act, is a penalty, which, being assessed, cannot be collected by distraint without affording offender opportunity for constitutional hearing (Comp. St. § 10138½v).

In Equity. Suit by the United States on relation of David W. Phillips, Collector of Internal Revenue, Twelfth District of Pennsylvania, against Salvatore Di Marco. On motion to dismiss bill. Motion granted.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa., for complainant.

W. L. Pace, of Pittstown, Pa., for defendant.

JOHNSON, District Judge. On April 4, 1925, David W. Phillips, collector of internal revenue, filed his bill of complaint, praying the court to enjoin the defendant from selling or incumbering any real estate, and that the court decree the sale of the defendant's real estate to recover the amount of $1,289.-84, with interest and costs. The amount of $1,289.84 was the amount of the tax or penalty levied and assessed by the said collector of internal revenue under the provisions of section 35 of title 2 of the National Prohibition Act, approved October 21, 1919 (Comp. St. § 10138½v).

On April 27, 1925, the defendant filed his answer, in which he admits that plaintiff's bill of complaint is based upon alleged assessment and levy of tax and lien, purporting to be filed therefor, for the purpose of enforcing and compelling payment thereof, but denies that said payment is a tax, and avers that the same is a penalty, and that the distraint proceedings prosecuted by the plaintiff, and the aforesaid bill in equity, filed by the plaintiff, for the purpose of enforcing and giving legal result to the same, are illegal and void, and contrary to the provisions of the Constitution of the United States, and prays that plaintiff's bill of complaint be dismissed.

The question raised in this case is whether the tax or penalty assessed by the collector of internal revenue under the provisions of section 35 of title 2 of the National Prohibition Act, approved October 21, 1919, can be collected by distraint of the offender's property, without first affording the offender a due opportunity for constitutional hearing. This question has been decided in a number of cases. In United States v. 2,615 Barrels, More or Less, of Beer et al. (D. C.) 1 F.(2d) 500, on page 503, Judge Witmer, of the Middle district of Pennsylvania, held against the government's contention in the following language:

"Mr. Justice McReynolds, referring to the National Prohibition Act, * * * in Lipka v. Lederer, supra, reiterating what was said in United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, says: 'It is a comprehensive statute intended to prevent the manufacture and sale of intoxicating liquors for beverage purposes'—holding that the so-called taxes retained in force and imposed by section 35 of the act, * * * upon dealing in liquor, prohibited and made criminal by the act, are in reality a penalty; that the same cannot be enforced by distraint of the offenders' property, as in case of the collection of a tax; and that Rev. Stat. § 3224 (Comp. St. Ann. § 5947), forbidding suits to restrain assessments or the collection of any tax, and the statutory remedy to enforce payment and action to recover same, are inapplicable to the case of assessments under section 35 of title 2 of the National Prohibition Act."

The position taken by Judge Witmer above is sustained in the following decisions: Thome v. Lynch (D. C.) 269 F. 995; Ledbetter v. Bailey (D. C.) 274 F. 375; Lipke v. Lederer (D. C.) 274 F. 493; Fontenot v. Accardo (C. C. A.) 278 F. 871; Jakovich et al. v. Mager (C. C. A.) 283 F. 980; U. S. v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061. It follows, therefore, that the plaintiff's bill of complaint must be dismissed.

And now, August 9, 1926, the plaintiff's bill of complaint is dismissed, at the cost of the plaintiff.