**UNITED STATES ex rel. PHILIPS, Collector of Internal Revenue, v. DIMARCO.**

No. 527.

District Court, M. D. Pennsylvania.

May 12, 1930.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa., for complainant.

W. L. Pace, of Pittston, Pa., for defendant.

JOHNSON, District Judge.

On April 4, 1925, David W. Philips, collector of internal revenue, filed his bill of complaint praying the court to enjoin the defendant from selling or incumbering his real estate, and to decree the sale of the defendant's real estate to recover the amount of $1,-289.84, with interest and costs, the principal amount being the tax or penalty assessed and levied by the said collector of internal revenue under the provisions of section 35 of title 2 of the National Prohibition Act, approved October 28, 1919 (27 USCA § 52). The defendant filed his answer in which he admitted that the plaintiff's bill was based upon an alleged assessment and levy of tax, and was filed for the purpose of enforcing and compelling payment thereof, but denied that said assessment was a tax, and averred that the same was a penalty, and that the distraint proceedings prosecuted by the plaintiff, and the bill in equity filed by the plaintiff for the purpose of enforcing the same, were illegal and void and contrary to the provisions of the Constitution of the United States, and prayed that the plaintiff's bill be dismissed.

The question raised in that case was whether the tax or penalty assessed by the collector of internal revenue under the provi-

sions of section 35 of title 2 of the National Prohibition Act, approved October 28, 1919, could be collected by distraint of the offender's property without first affording him a due opportunity for a constitutional hearing.

In an opinion filed August 9, 1926, this court decided the question in the negative and dismissed the bill of complaint at the cost of the plaintiff. United States ex rel. Phillips v. Di Marco, 14 F.(2d) 238.

On January 7, 1927, the plaintiff began his suit anew, and added to his bill of complaint a new paragraph in which he alleged that the assessment was levied after hearing before the collector of internal revenue, at which the defendant was present and represented by counsel.

The record shows that the defendant was present with counsel, and by his counsel objected to the legality of the proceedings before the collector of internal revenue on the ground that the assessment of taxes was in reality a penalty, and that such penalty could not be assessed and collected until the defendant was adjudged guilty of violation of the prohibition law in a constitutional hearing. The record shows that the defendant was not convicted of any violation of the prohibition law by a court of competent jurisdiction at the time of the institution of this suit, or at the time of the hearing before the collector of internal revenue.

The question raised here is the same as that raised in the previous case—whether the tax or penalty assessed by the collector of internal revenue, under the provisions of section 35 of title 2 of the National Prohibition Act, approved October 28, 1919, can be collected by distraint of the offender's property without first affording him due opportunity for a constitutional hearing.

"A so-called 'tax' assessed under National Prohibition Act, tit. 2, § 35, is a penalty, and its collection by distraint by administrative officers is unauthorized." Jakovich et al. v. Mager, Internal Revenue Collector (C. C. A.) 283 F. 980; Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061. See opinion of this court in United States of America ex rel. David W. Phillips, Collector of Internal Revenue, Twelfth District of Pennsylvania, March term, 1925, filed August 9, 1926. 14 F.(2d) 238.

The plaintiff's bill of complaint must be dismissed.

Plaintiff's bill of complaint is dismissed at the cost of the plaintiff.